**Odessa MOON, Plaintiff–Appellee,**

v.

**SCOA INDUSTRIES, INC., Defendant–Appellant.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Sept. 2, 1988.

Application for Permission to Appeal Denied by Supreme Court Oct. 31, 1988.

Michael Murphy, Chattanooga, for defendant-appellant.

Thomas H. O'Neal, Chattanooga, for plaintiff-appellee.

CRAWFORD, Judge.

This is a slip and fall case. Defendant, SCOA Industries, Inc., appeals from the judgment on a jury verdict awarding plaintiff, Odessa Moon, $100,000 damages for personal injuries.

Plaintiff's complaint alleges that on September 1, 1984, she was a customer in defendant's Chattanooga store, and while walking down a store aisle fell due to a slippery substance on the floor. The complaint avers that defendant knew or should have known of the dangerous condition in its store, and was negligent in failing to keep the floor clear of foreign substances and in failing to correct the dangerous condition. Plaintiff alleges that as a result of the fall she received severe and permanently disabling injuries with resultant hospital, medical and drug expenses.

Defendant's answer admits that plaintiff, while one of its customers, fell and that it had the care, custody, control, maintenance and ownership of the premises. The answer joins issue on the material allegations of the complaint concerning negligence, and further avers that plaintiff's failure to exercise reasonable and ordinary care for her own safety directly and proximately caused or contributed to her alleged losses, injuries and damages.

After the jury verdict for plaintiff, the trial court denied defendant's motion for a new trial and defendant's appeal presents five issues for review which we will now consider.

The first two issues presented, which we will consider together, are whether there was any material evidence to support the jury's verdict, and whether the trial court erred in failing to direct a verdict for defendant.

The record reveals the following pertinent facts: Plaintiff, Odessa Moon, is 38 years old and has a high school education. On September 1, plaintiff, with her sister

and a friend, visited defendant store in order for plaintiff to check on her lay-a-way. Plaintiff entered the store and proceeded toward the lay-a-way desk down the main aisle. Just a short distance from the front door, in front of the jewelry counter, she slipped in a clear liquid substance which was on the tile floor. Plaintiff's companions did not see the fall because they had gone to another area of the store upon entry. They were, however, informed of plaintiff's fall and went to plaintiff immediately after she fell. Plaintiff and her companions testified that the manager of the store was summoned and arrived while plaintiff was still sitting on the floor. The manager instructed an employee to have the liquid substance mopped up, and also instructed an employee to have photographs taken. They state that at least two or three photographs were taken of the scene and plaintiff at that time.

Terry Heisler, manager of defendant store at the time of the occurrence, but now employed by defendant at another location, testified that he was summoned to the scene of the accident, found plaintiff sitting on the floor in the aisle and observed droplets of a clear liquid substance which he thinks was water. He was somewhat confused in his testimony concerning whether photographs were taken; first he testified that they were taken, and then recants this testimony and states that photographs were not taken. He observed that on the jewelry counter beside where plaintiff fell there was a baby bottle which had some liquid substance in it and which was apparently abandoned by its owner. He states he did not test the substance in the baby bottle and the bottle was probably thrown away at the close of the day. He stated that at the time of the accident the company had a policy that encouraged employees to be alert for debris and other articles or substances in the aisles and to remove any such articles or substances or to call someone to have them removed. Defendant had an incentive plan for the employees performing this service which provided them with a small stipend for each such incident reported and corrected.

At the time of the occurrence, defendant had two employees working at the jewelry counter. Both testified that they were busy with customers and although they did not see plaintiff fall, they noticed plaintiff on the floor after she fell. They both testified that they did not see any liquid substance on the floor after the plaintiff fell nor did they see the abandoned baby bottle on their jewelry counter which the store manager stated was there.

The proof also established that the location of plaintiff's fall was in a main aisle of the store, a short distance from the entrance where a security guard station and customer service desk were maintained. The proof also showed that defendant did not or could not produce any photographs made by defendant, although the manager first testified that the photographs were taken. Additionally, the accident report form required by store policy was not filled out and completed as required by store policy at the time the accident occurred, but apparently the information was lost and the accident report was filled out approximately a month later when defendant was notified by plaintiff's lawyer of his representation.

The role of this Court and the trial court in ruling on a directed verdict is clearly established in our jurisprudence. On such a motion by the defendant, the court is required to take the strongest legitimate view of the evidence in favor of the plaintiff, including all reasonable inferences in the plaintiff's favor and to disregard any evidence to the contrary. A verdict may be directed only if there is no material evidence in the record which would support the verdict for the plaintiff under any of the theories which plaintiff had advanced. *Wharton Transport Corp. v. Bridges*, 606 S.W.2d 521 (Tenn.1980); *Cecil v. Hardin*, 575 S.W.2d 268 (Tenn.1978); *Callahan v. Town of Middleton*, 41 Tenn.App. 21, 292 S.W.2d 501 (1954).

■ The well recognized law in cases involving injuries on business premises is that the proprietor of a retail establishment has a legal obligation to exercise ordinary care and diligence to maintain the premises

in a reasonably safe condition for his patrons and is liable only if injury results from breach of the duty to exercise reasonable and ordinary care for their safety and protection. *Paradiso v. Kroger Co.,* 499 S.W.2d 78, 79 (Tenn.App.1973); *Gargaro v. Kroger Grocery & Baking Co.,* 22 Tenn. App. 70, 74, 118 S.W.2d 561, 563 (1938).

■ Before an owner or operator of a business can be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, that condition (1) must have been created by the owner or operator or its agent or (2) if the condition was created by someone other than the owner or operator or its agent, there must have been actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Jones v. Zayre, Inc.,* 600 S.W.2d 730, 732 (Tenn.App.1980).

■ Defendant contends that plaintiff failed to prove that it had constructive notice of the condition causing plaintiff's fall. We have to agree that there is no direct proof as to the creation of the condition and how long it had existed. However, because of the location of the accident in the close proximity of the security guard and the sales personnel of defendant, it could be inferred that defendant's employees could and should have seen the actual spilling of the liquid or the liquid on the floor after it was spilled, in time to remove it or alert others to its existence. Facts may be inferred from circumstantial evidence, and an inferred fact may be the basis of a further inference of the ultimate or sought for fact. *Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d 560, 563 (Tenn. App.1985). In *Benson,* the court said:

> In a civil case depending upon circumstantial evidence, it is sufficient for a party having the burden of proof to make out the more probable hypothesis, and the evidence need not arise to that degree of certainty which will exclude every other reasonable conclusion. It is only necessary for the plaintiff to present proof which, if believed by the jury, makes plaintiff's theory of the case more probable than the theory of the

defendant. *Tennessee Liquefied Gas Corp. v. Ross,* 60 Tenn.App. 648, 450 S.W.2d 587, 41 A.L.R. 3rd 769.

*Id.* at 563.

In the case before us, giving the plaintiff the benefit of every doubt and allowing all reasonable inferences to be drawn from the evidence, although very close, we believe the case was properly submitted to the jury.

■ The third issue presented for review is whether the trial court erred in permitting testimony from witness Harold Rose about the condition of defendant's floor almost three years after the plaintiff's fall.

Rose, a photographer employed by plaintiff to take photographs of defendant's premises for use as exhibits at trial, was called as a witness by plaintiff. Rose testified that at the request of plaintiff's attorney, he met plaintiff's attorney at defendant's store on June 22, 1987, to take pictures of the accident scene to be used at trial. He testified that he was at the store about two and one half hours. He then was permitted to testify, over objection of the defendant, that he observed, at that time, napkins, cigarette butts, a key fob without any keys on it, small pieces of candy and other debris on the floor. He was allowed by the trial court to use the photographs that he had taken to point out the various items of debris that he noticed. The trial court allowed this testimony of the condition of the store some three years after the accident on plaintiff's contention that the evidence was properly admissible for impeachment purposes. Plaintiff argues in her brief:

> It must be noted that this testimony was introduced immediately following the testimony of the defendant/appellant's manager/representative, Terry Heisler, who had been called as a hostile witness by plaintiff/appellee's counsel, wherein he testified as to the degree of care exercised in patrolling, policing and cleaning the floor and aisles of the defendant/appellant's store. Mr. Heisler stated that any foreign objects on the floor would be picked up or cleaned up immediately (A.T.P., 97–99) and that this policy

was in effect at the time of plaintiff/appellee's injury, the time when the photographs were taken by Mr. Rose and still in effect at the time of trial. (A.T.P., 120–122) The testimony of Harold Rose was then introduced to impeach the credibility of the defendant/appellant's manager/representative, Terry Heisler, to show that what he said at trial was in direct contradiction to the way defendant/appellant conducted its business at least on the date that the photographs were made by Mr. Rose. By specifically contradicting the testimony of Terry Heisler, doubt was cast upon the credibility of the testimony of Mr. Heisler and was therefore relevant and material to the cause at hand.

We cannot agree with plaintiff's contention nor the trial court's ruling that the evidence was admissible. In the first place, it is absolutely clear that the testimony in no way could affect the credibility of the testimony of the former manager, Heisler. Heisler's testimony was to the effect that at the time of the accident, all of the employees were charged with the responsibility of generally policing the area in the store, cleaning up any foreign substances or debris found, and in addition they were rewarded for their efforts in this regard. He also testified that at the time Rose visited the store this policy was still in force. We fail to see how the testimony of the condition of the premises impeaches the testimony of Heisler that the policy for policing and cleaning was in effect both at the time of the accident and at the time Rose observed the conditions. Obviously, the testimony of Rose was to the effect that employees under the present store manager were not complying with the policy of the store some three years after the accident in question. However, the fact that the policy was not being followed at this time does not affect, in our opinion, the credibility of Heisler's testimony that the policy was in full force and effect at the time of the accident. Heisler was not even employed at this location when Rose made his observations about which he testified. Furthermore, the evidence of the conditions some three years after the accident could have no probative value as to what the conditions were at the time of the accident, nor could it have any probative value whatsoever to establish that the defendant's employees were not observing duties required of them at the time of the accident.

In *Massengill v. Shadden*, 48 Tenn. (1 Heisk) 357 (1870), plaintiff sued defendant in trespass for, among other things, taking plaintiff's horse. At trial, a witness for plaintiff was permitted to prove that on the same night plaintiff's mare was taken, defendant came to the witness' house and took his horses. The Supreme Court said:

This was error. The taking of the horses of the witness was an independent, substantive offense, wholly disconnected with the issue to be tried in this case, and the proof of it in no way aided in the ascertainment of the truth of the issue the jury was sworn to try; was calculated to mislead and prejudice their minds, and could produce no reasonable ground of inference as to the fact in dispute and submitted by the pleadings.

Id. at 358–59.

In the case at bar, the proof of the conditions of defendant's premises, and the actions of the defendant in the maintenance of the store premises some three years after the accident for which suit is brought, has absolutely no relevance to the issues concerning defendant's negligence on the date of the accident. Accordingly, the trial court erred in admitting this testimony of Rose.

█ Having determined that the trial court erred in the admission of the evidence, we must now ascertain the effect of this error. T.R.A.P. 36(b) provides:

(b) Effect of Error.—A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

In the case at bar, plaintiff's proof was quite thin in establishing the negligence of defendant and required a finder of fact to

rely upon, for the most part, inferences to be deduced from the circumstantial evidence. Plaintiff sustained an injury to her right knee which required arthroscopic surgery and medical expenses of $5,740.00. In addition, she sustained a wage loss of $1,835.00 and at the time of trial was continuing her previous employment, although she testified that she had difficulty doing her job because of physical limitations. The permanent disability rating from her physician was 20% to the right, lower extremity which is a rather minor disability. Plaintiff was awarded $100,000 in damages by the jury which appears to be quite excessive due to the nature and extent of the losses and damages sustained. Considering the very thin line separating plaintiff from a directed verdict on the question of liability and the excessive verdict award, it is our feeling that the jury was impressed with the fact that at the time Rose visited defendant's store, it was in a rather unkempt condition. The jury could very easily assume by the court's admission of this evidence, that the same condition existed at the time of the accident in question. There was no limiting instruction given by the court and the nature of the testimony could convey to the jury that the defendant store was an ideal place for an accident such as this to happen. Therefore, we find that the erroneous admission of the evidence involved a substantial right which more probably than not affected the verdict of the jury.

Accordingly, the judgment of the trial court is reversed, and this case is remanded for a new trial. Costs of appeal are assessed against appellee.

TOMLIN, P.J. (W.S.), and HIGHERS, J., concur.