936 F.2d 573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cindy McCARTER and James McCARTER, Plaintiffs-Appellants,
v.
K-MART CORPORATION, Defendant-Appellee.
 No. 90-6091.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and BERTELSMAN, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Cindy and James McCarter appeal the district court's grant of summary judgment for defendant-appellee K-Mart Corporation in this diversity personal injury action.
 
 I.
 
 2
 On January 3, 1989, while shopping at a K-Mart store in Sevierville, Tennessee, Cindy McCarter injured her ankle when she slipped and fell in a puddle of liquid on the aisle where detergents and cleaning products were located. The puddle of liquid was approximately eighteen inches in diameter, and McCarter testified in her deposition that the liquid had a silver tint and appeared to be floor wax. At the time she fell, McCarter was not looking where she was walking, and in her deposition she conceded that she could have seen the liquid before she fell had she been looking. There is no information to indicate how long the liquid had been on the floor before McCarter fell.
 
 
 3
 This action was originally filed in the Circuit Court of Sevier County, Tennessee, and on March 15, 1990, K-Mart removed the case to the district court on the basis of diversity jurisdiction. On May 9, 1990, K-Mart filed a motion for summary judgment which the district court granted on July 9, 1990. The district court held that K-Mart was entitled to summary judgment because McCarter failed to prove that any of K-Mart's employees caused the liquid spill or that K-Mart's employees had actual or constructive notice of the spill.
 
 
 4
 The McCarters filed a timely notice of appeal. The principal issue on appeal is whether the district court erred by granting summary judgment for K-Mart.
 
 II.
 
 5
 Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). This court must view all facts and inferences drawn therefrom in the light most favorable to the non-moving party. 60 Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir.1987).
 
 
 6
 Under Tennessee law, the proprietor of a place of business can be held liable for negligence in allowing a dangerous condition to exist on his premises only if it is shown either that the proprietor or his agent created the condition, or that the proprietor or his agent had actual or constructive notice that the condition existed prior to the accident. Jones v. Zayre, Inc., 600 S.W.2d 730, 732 (Tenn.Ct.App.1980). In the present case, there is no evidence that a K-Mart employee caused the spill or that any employee had actual or constructive knowledge of the spill. "If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the defendant knew, or in the exercise of ordinary care should have known, of its existence." Id.
 
 
 7
 McCarter argues that a plaintiff in a slip and fall case does not have to show that the defendant had notice of the dangerous condition where the defendant has chosen a self-service method of operation. Relying on two unreported opinions from the Tennessee Court of Appeals,[1] McCarter contends that by choosing the self-service method of operation, K-Mart created a dangerous condition of which it is deemed to have notice. Therefore, McCarter argues that she is not required to prove that K-Mart had notice of the condition. See Bledsoe v. Delta Refining Co., (Tenn.App. at Jackson, Nov. 4, 1983), and Hale v. Blue Boar Cafeteria Co., (Tenn.App. at Jackson, Feb. 21, 1980).
 
 
 8
 Alternatively, McCarter asserts that there is evidence in the record from which a jury could find that K-Mart had constructive notice of the spill. McCarter argues that there is circumstantial evidence that K-Mart employees were in the area where she fell and should have noticed the spill. See Moon v. SCOA Industries, Inc., 764 S.W.2d 550 (Tenn.Ct.App.1988). The only circumstantial evidence identified by McCarter is the fact that a K-Mart employee came walking by the aisle as she was falling, and he helped lift her up from the floor.
 
 
 9
 While it is true that Tennessee courts have recognized the method of operation theory as a way to satisfy the notice requirement in slip and fall cases, the theory is applicable only under certain conditions. In Worsham v. Pilot Oil Corp., 728 S.W.2d 19, 20 (Tenn.Ct.App.1987), the court held:
 
 
 10
 [T]he requirements of constructive notice may be met where a dangerous condition inside a self-service business is not an isolated one but is reasonably foreseeable to the owner because the condition is established by a pattern of conduct, a recurring incident, or a general or continuing condition and an invitee suffers injuries as a result of the condition.
 
 
 11
 In cases where Tennessee courts have applied the method of operation theory, "the accumulation of foreign substances was shown to have been a common occurrence, as opposed to being something that was ... 'transitory, temporary or unusual.' " Self v. Wal-Mart Stores, Inc., 885 F.2d 336, 339 (6th Cir.1989); see, e.g., Hale v. Blue Boar Cafeteria Co., Inc., (Tenn.App. at Jackson, Feb. 21, 1980) (plaintiff slipped and fell on debris frequently spilled by customers using a self-service area in defendant's cafeteria); Bledsoe v. Delta Refining Co. (Tenn.App. at Jackson, Nov. 4, 1983) (plaintiff slipped and fell on self-service petroleum loading dock where defendant owner knew that customers frequently dumped leftover petroleum products).
 
 
 12
 We hold that the method of operation theory is inapplicable to the facts of this case. McCarter slipped and fell on a substance in the detergent aisle at the K-Mart store. McCarter asserts that in a self-service store "detergents are very likely to be knocked off their shelves by customers pushing buggies through the store, and simply by picking up the products and not placing them carefully back on the shelf...." Appellant's Brief at 8. However, McCarter offered no evidence to show that liquid was commonly spilled in the aisles of the K-Mart store. Self, 885 F.2d at 339-40 (no evidence that dog food, on which plaintiff slipped and fell, was commonly spilled in the aisles of defendant's store). Because there is an absence of evidence establishing "a pattern of conduct, a recurring incident, or a general or continuing condition," McCarter cannot rely on the method of operation theory to prove that K-Mart had notice of the condition. See Beard v. SCOA Industries, Inc., No. 88-358II (Tenn.Ct.App. June 7, 1989) (1989 WL 60360) (method of operation theory inapplicable where no evidence that spills were a common or regular occurrence).
 
 
 13
 McCarter also failed to produce sufficient evidence to create a genuine issue of fact as to whether K-Mart had constructive notice of the spilled liquid. In Moon v. SCOA Industries, Inc., 764 S.W.2d 550, 553 (Tenn.App.1988), the court held that where a slip and fall occurred on a main aisle of the store in close proximity to the entrance where a security guard station and a customer service desk were maintained, "it could be inferred that defendant's employees could and should have seen the actual spilling of the liquid or the liquid on the floor after it was spilled, in time to remove it or alert others to its existence." In the present case, unlike Moon, McCarter has failed to offer any evidence that any K-Mart employees were stationed in close proximity to the area where she fell. Self, 885 F.2d at 340. The fact that a K-Mart employee passed by the aisle as McCarter was falling is insufficient to support an inference that the employee "could and should have seen the actual spilling of the liquid or the liquid on the floor after it was spilled, in time to remove it or alert others to its existence." Moon, 764 S.W.2d at 553. Accordingly, there is insufficient evidence to create a genuine issue of fact as to whether K-Mart had constructive notice of the spill before McCarter slipped and fell. Because McCarter lacks evidence to prove an essential element of her claim, the district court properly granted summary judgment for K-Mart.[2] Self, 885 F.2d at 340.
 
 III.
 
 14
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 McCarter also cites cases from other jurisdictions in which courts have held that a plaintiff is not required to prove notice of the dangerous condition where the defendant has chosen a self-service method of operation. See, e.g., Sheil v. T.G. & Y. Stores Co., 781 S.W.2d 778 (Mo.Ct.App.1989); Cobb v. Skaggs Companies Inc., 661 P.2d 73 (Okla.Ct.App.1982); Ciminski v. Finn Corp., 537 P.2d 850 (Wash.Ct.App.1975)
 
 
 [2]
 K-Mart argues that McCarter was contributorily negligent as a matter of law because she testified in her deposition that she could have seen the liquid on the floor had she been looking where she was walking. See Crosslin v. Alsup, 594 S.W.2d 379, 380-81 (Tenn.1980). However, we need not address the issue of McCarter's contributory negligence because we conclude that McCarter lacked evidence essential to prove her case