**WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY,**
Plaintiff,

v.

**BANK OF WAYNESBORO,**
Defendant–Appellee,

v.

**Robbie Roberta STAGGS,**
Defendant–Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 20, 1994.

Permission to Appeal Denied by Supreme Court, July 18, 1994.

W.C. Keaton, Keaton, Turner & Spitzer, Hohenwald and Ray Hollis, Waynesboro, for appellee Bank of Waynesboro.

James Harvey Stutts, Dixon & Stutts, Sweetwater, for appellant.

CRAWFORD, Judge.

This case originated as an interpleader action filed by Woodmen of the World Life Insurance Society to determine the proper payee of the proceeds of a life insurance policy on the life of Lewis Evans Staggs. After deposit of the policy proceeds with the clerk of the trial court, the case developed into a contest between Robbie Roberta Staggs, the insured's widow, and Bank of Waynesboro, the Staggs' creditor. A trial by jury was held and at the conclusion of all the proof, the trial court directed a verdict for the Bank of Waynesboro and entered judgment awarding the proceeds of the policy to the bank. Mrs. Staggs has appealed, and the only issue for review is whether the trial court erred in directing a verdict for the bank.

In September of 1981, Lewis Evans Staggs purchased a Woodmen of the World five year renewal term life insurance policy, Certificate Number 3873465, in the amount of $75,000.00. On January 11, 1982, the insured and Mrs. Staggs, the named beneficiary of the policy, executed an assignment of the policy to the Bank of Waynesboro as collateral for certain indebtedness.

In June, 1985, Mr. Staggs and the Bank of Waynesboro executed the necessary documents to change and convert the term policy, Certificate Number 3873465, to a whole life policy for $75,000.00. This change became effective July 1, 1985.

In April of 1986, in an effort to consolidate various debts, Mr. and Mrs. Staggs executed a promissory note payable to the Bank of Waynesboro in the amount of $81,528.90. The original note and a copy of the note in Mrs. Staggs' possession were introduced into evidence as exhibits. Both the original note and the copy list on the front page as securi-

ty a truck tractor, two trailers and "assignment of Seventy–Five Thousand Dollars ($75,000.00) Woodmen of the World insurance policy." Mrs. Staggs testified that the provision concerning the insurance assignment was not on the note when she and her husband signed it and that she did not recall when she obtained her copy of the note. The bank officer involved in making the loan testified that the provision was on the face of the note when it was signed.

This case was previously before this Court on Mrs. Staggs' appeal from the trial court's order granting summary judgment to the bank. In *Woodmen of the World Life Insurance Society v. Bank of Waynesboro,* 826 S.W.2d 915 (Tenn.App.1991), the trial court granted the bank a summary judgment on the ground that the language of the assignment document for the term policy executed January 11, 1982, operated as an assignment of the whole life policy that originated with the conversion of the term policy. This Court held that the assignment document did not include the whole life policy. *Woodmen of the World,* 826 S.W.2d at 918. The Court, noting the bank's contention that the language on the note also constituted an assignment, said: "If this language was in the note at time of execution, then it obviously included the whole life policy certificate no. 4266974." *Id.*

The proof at trial concerning the existence or nonexistence of the assignment language on the note virtually tracked the documentary proof before this Court in the previous appeal. Mrs. Staggs testified that the language concerning the assignment was not on the note when it was signed. The bank's witness says that it was on the note when it was signed.

In *Moon v. SCOA Industries, Inc.,* 764 S.W.2d 550 (Tenn.App.1988), this Court said:

The role of this Court and the trial court in ruling on a directed verdict is clearly established in our jurisprudence. On such a motion by the defendant, the court is required to take the strongest legitimate view of the evidence in favor of the plaintiff, including all reasonable inferences in the plaintiff's favor and to disregard any evidence to the contrary. A verdict may be directed only if there is no material evidence in the record which would sup-

port the verdict for the plaintiff under any of the theories which plaintiff had advanced. *Wharton Transport Corp. v. Bridges,* 606 S.W.2d 521 (Tenn.1980); *Cecil v. Hardin,* 575 S.W.2d 268 (Tenn.1978); *Callahan v. Town of Middleton,* 41 Tenn. App. 21, 292 S.W.2d 501 (1954).

764 S.W.2d at 552.

The bank asserts that the trial court was correct in directing a verdict and points to the various other factors that tend to show or make more likely than not that the assignment language was on the note at the time it was signed. However, the bank's argument merely strengthens its position before the trier of fact on that disputed issue.

The proof shows that in 1986, after a discharge in bankruptcy relieved the Staggs of personal liability on the bank's debt, they stopped paying the premiums on the subject life insurance policy, and the bank paid the premiums until Mr. Staggs' death in August of 1989. The bank, however, did not assert that it was entitled to the insurance proceeds because the Staggs had abandoned the policy by not paying the premiums. Because this issue was neither presented nor argued before the trial court, the only question before this Court concerns the assignment.

The disputed testimony requires a jury to resolve the issue of whether the assignment language was on the note at the time it was signed. The jury, as trier of fact, must accord each witness' testimony the degree of weight, faith, and credit that it deserves. The credibility of witnesses in a jury case is not for the trial judge to determine. *Karas v. Thorne,* 531 S.W.2d 315, 317 (Tenn.App. 1975); *Morgan v. Tennessee Cent. Ry. Co.,* 31 Tenn.App. 409, 422, 216 S.W.2d 32, 37 (1948).

Accordingly, the judgment of the trial court on the directed verdict for defendant is reversed and this case is remanded to the trial court for a new trial. Costs of the appeal are assessed against the appellee.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.