HOLCOMB, Justice.
 

 Mildred Collard (“Collard”) appeals a summary judgment granted in favor of Texas Maintenance Systems, Inc. (“TMSI”) in a premises liability ease. In one point of error, Collard complains that TMSI failed to establish that no genuine issue of material fact existed as to any element of her premises liability cause of action. She also alleges that a summary judgment on “negligent activity” was inappropriate because she did not plead thatcause of action. We will reverse and remand for further trial court proceedings.
 

 The owner of the building in which Collard worked contracted with TMSI to maintain its bathroom facilities. Collard sued TMSI for negligence, filed a petition alleging that she sustained a serious injury when she slipped and fell on the bathroom floor, which she described as “like a sheet of ice.” Among other bases for liability, Collard contended that TMSI had created the dangerous condition which caused her to fall. TMSI filed a motion for summary judgment asserting that it was entitled to judgment as a matter of law because there were no fact issues as to two elements of Collard’s premise liability cause of action.
 

 In a summary judgment ease, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
 
 See
 
 Tex.R. Civ. P. 166a(c);
 
 Cate v. Dover Corp.,
 
 790 S.W.2d 559, 562 (Tex.1990). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved against the movant.
 
 Cate,
 
 790 S.W.2d at 562;
 
 Acker v. Texas Water Comm’n,
 
 790 S.W.2d 299, 301-02 (Tex.1990). We must, therefore, view the evidence and its reasonable inferences in the light most favorable to the nonmovant.
 
 Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
 
 391 S.W.2d 41, 47 (Tex.1965). When the trial court does not state the specific grounds upon which the summary judgment was granted, the reviewing court must consider whether any theories set forth in the motion will support a summary judgment.
 
 State Farm Fire & Casualty Co. v. S.S.,
 
 858 S.W.2d 374, 380 (Tex.1993). Summary judgment must be affirmed if any of
 
 *703
 
 the theories advanced are meritorious.
 
 Id.
 
 In the instant case, the trial court did not specify upon what basis it granted judgment for TMSI.
 

 In order to prevail on its Motion for Summary Judgment, TMSI was required to negate at least one element of Collard’s premises liability claim:
 

 1) the defendant had actual or constructive knowledge of some condition of the premises;
 

 2) the condition posed an unreasonable risk of harm;
 

 3) the defendant did not exercise reasonable care to reduce or eliminate the risk; and
 

 4) the defendant’s failure to use reasonable care proximately caused the plaintiffs injuries.
 

 Keetch v. Kroger Co.,
 
 845 S.W.2d 262, 264 (Tex.1992). In the instant case, TMSI attempted to establish that there was no genuine issue of material fact as to its actual or constructive knowledge of the condition of the floor and that the condition posed an unreasonable risk of harm.
 

 In a slip and fall case, to establish the requisite knowledge, a plaintiff must show that one of the following two situations existed: 1) the defendant knew of the dangerous condition and negligently failed to correct it; or 2) the foreign substance was on the floor so long that the defendant should have discovered and corrected it in the exercise of reasonable care.
 
 Id.
 
 at 264-66. In the instant ease, there was no allegation of a foreign substance; therefore, TMSI must show that there was no fact issue as to its knowledge of a dangerous condition.
 

 In a premises liability ease, the fact that a defendant
 
 created
 
 a condition that posed an unreasonable risk of harm may support an inference of knowledge.
 
 Id.
 
 at 265. In other words, creation of a condition is circumstantial evidence,
 
 [1]
 
 and it raises a fact issue as to knowledge. In previously-decided cases, courts have held that a fact issue was raised when the defendant or his employees 1) left an empty sales display platform in the aisle where customers could trip over it;
 
 [2]
 
 2) displayed grapes in such a method that spillage, and consequent danger to customers from slipping, was foreseeable;
 
 [3]
 
 and 3) maintained equipment, such as an ice machine, that by its nature requires constant attention and mopping to preclude an unreasonable risk of injury.
 
 [4]
 
 In this case, if TMSI showed that it did not create the condition complained of and that it had no knowledge of the condition, then it was entitled to judgment as a matter of law. Otherwise, its knowledge was a fact issue for the jury to decide, and was inappropriate for summary judgment.,
 

 The summary judgment evidence was as follows: It was uneontested that TMSI was the only company which maintained the eomplained-of bathroom floor. TMSI offered neither summary judgment evidence that someone else made the floor slippery, nor that
 
 it
 
 was not responsible for making it slippery. When the president and owner of TMSI gave his deposition, he stated that he did not know what type of finish was used on the tile, nor when the floor was last maintained before Collard’s fall. The expert hired by TMSI to testify about the accident did not inspect the floor until four years later and did not test the finish. He testified that he believed, although he could not swear, that the finish used on the floor was a product called “Citation,” which his company manufactured. Moreover, he did not have actual knowledge that TMSI used
 
 any
 
 of his company’s products. He contended that if, in fact, TMSI used “Citation,” the finish was not slippery when used properly. He did admit, however, that even if “Citation” was used, he could not testify that TMSI did not do something to cause the floor to be slick, such as strip the finish off the floor and fail to rinse before applying a new finish. He stated that this could cause the floor to be slippery, as could using an improper cleaning product. The expert went on to acknowledge that he was unable to formulate an opinion as
 
 *704
 
 to why Collard fell. Collard testified that on the day she fell there were no foreign substances on the floor, but that the whole bathroom floor was as slippery as ice. Since it was uncontroverted that TMSI was the only entity to maintain the bathroom floor and that the floor itself, rather than a foreign substance, caused the slipperiness, it was therefore uncontroverted that TMSI created the condition. TMSI’s mere disclaimer that it did not know of the dangerous condition was ineffective to prove, as a matter of law, that it did not have at least constructive knowledge through creation of the condition.
 

 TMSI’s second basis for seeking summary judgment was that the condition of the floor did not create an unreasonable risk of harm. Collard testified that both she and a co-worker fell on the slippery floor, and that she was seriously injured by the fall. TMSI’s expert testified that a floor surface should not be “like a sheet of ice,” and that the fact that both Collard and a co-worker slipped and fell was an “indication that something was occurring.” A TMSI representative testified that she came to inspect the floor several days after the incident, and that it was not slippery. She admitted, however, that after inspecting the floor, she told the maintenance man to wet mop it. Collard contravened this testimony, however, when she stated that she heard the TMSI representative tell the maintenance man to “strip” the floor, not to mop it.
 
 [5]
 
 She also testified that she saw the man, not mopping, but rather down on the floor on his hands and knees. TMSI’s expert testified that if a floor was deemed unsafe and the party responsible for maintenance wanted to make sure that he removed all contaminants from the floor, then the floor should be stripped rather than simply mopped. That TMSI stripped the floor after Collard fell is some evidence that the company considered the floor to pose an unreasonable risk of harm in its then-present condition. It was also the expert’s testimony that if TMSI had cleaned the floor and left it in an unsafe condition, such as being highly slippery, and a person was unable to safely traverse it, then the floor posed a dangerous risk. Furthermore, “whether a condition constitutes a danger is a function of reasonableness.”
 
 Rosas v. Buddies Food Store,
 
 518 S.W.2d 534, 537 (Tex.1975). It was therefore for a jury to determine if an ordinarily prudent person would foresee that the condition of the floor created an unreasonable risk of harm.
 
 Id.
 
 at 537-38.
 

 We hold that TMSI failed to establish that there was no genuine issue of material fact as to its knowledge of the dangerous condition or that the condition of the floor posed an unreasonable risk of harm. We also hold that since Collard did not plead “negligent activity,” there was no basis for summary judgment on said cause of action. Point of error one is sustained. We
 
 reverse the trial court’s judgment and remand the case for further proceedings.
 

 [1]
 

 .
 
 Id.
 
 at 266.
 

 [2]
 

 .
 
 Coffee v. F.W. Woolworth Co.,
 
 536 S.W.2d 539, 540 (Tex.1976).
 

 [3]
 

 .
 
 Corbin v. Safeway Stores, Inc.,
 
 648 S.W.2d 292, 295-96 (Tex.1983).
 

 [4]
 

 . Albertson’s, Inc. v. Mungia,
 
 602 S.W.2d 359, 362-63 (Tex.Civ.App. —Corpus Christi 1980, no writ).
 

 [5]
 

 . TMSI objected to this testimony as being inadmissible hearsay. We disagree, since an admission of a party opponent is not hearsay. Tex.R. Civ. Evid. 801(e)(2).