Betty DUNCAN, Appellant,

v.

BLACK–EYED PEA U.S.A., INC., Appellee.

No. 09–99–029 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 17, 1999.

Decided July 15, 1999.

John Werner, Reaud, Morgan & Quinn, Beaumont, for appellant.

Zona Jones, H. Scott Alexander, David e. Bernsen, Bernsen, Jamail and Goodson, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Betty Duncan appeals from a summary judgment granted in favor of Black–Eyed Pea U.S.A., Inc. Duncan brings three points of error on appeal.

This appeal arises from a slip-and-fall premises liability lawsuit. Duncan filed suit against Black–Eyed Pea U.S.A., Inc. (Black–Eyed) alleging she was injured when she slipped and fell as a result of a dangerous condition on the floor of a Black–Eyed Pea restaurant in Beaumont, Texas. The court granted Black–Eyed's summary judgment in accordance with Tex. R. Civ. P. 166(a)(i) and found there was no evidence 1) that Black–Eyed placed the foreign substance on the floor; 2) that Black–Eyed knew that a substance was on the floor; and 3) that the substance was on the floor for a long enough period of time that in the exercise of ordinary care Black–Eyed should have discovered and removed the substance.

In her first point of error, Duncan complains the trial court erred in concluding there was no genuine issue of material fact as to whether employees of the restaurant knew or should have known of the dangerous condition on the floor.

Duncan was an invitee on Black–Eyed's premises. As such, Black–Eyed owed her a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536–37 (Tex.1975). To recover damages in a slip-and-fall case, Duncan must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998).

The courts have required that the actual or constructive knowledge requirement be met in one of three ways. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). An invitee may prove: (1) that the owner/operator put the foreign substance on the floor; (2) that the owner/operator knew that it was on the floor and negligently failed to remove it; or (3) that the substance was on the floor so long that, in the exercise of ordinary care, it should have been discovered and removed. *Id.*

In its motion for summary judgment, Black–Eyed attached deposition testimony of several witnesses. Katherine Dunlap, a Black–Eyed Pea employee, testified she was walking behind Dunlap when she fell. Dunlap and the manager, Sandy Neale, inspected the floor where Duncan fell. Both testified there was nothing present on the floor. In her deposition testimony, Duncan stated that while she was on the floor after slipping and falling,

she saw nothing on the floor that would have caused her to fall.

In her response to Black–Eyed's motion for summary judgment, Duncan attached her affidavit and deposition testimony. She stated that after she fell, her knee began to swell. She put ice on it while still at the restaurant and then went back and observed grease and a piece of bread on the floor at the spot where she fell. Duncan testified the bread she slipped on was hard and mashed into the brick floor and that she could not remove it from the floor. Duncan stated that it felt as if there were a film of grease on the floor. Duncan also attached portions of Neale's deposition testimony wherein she indicated that the spot where Duncan fell was a high traffic area in the restaurant. Neale testified that all the bus boys, waiters and waitresses serving certain tables (Neale specifically identified the tables on a drawing) at the restaurant frequently traversed the spot where Duncan fell. On appeal, Duncan argues that her summary judgment evidence indicates that multiple Black–Eyed Pea employees "traversed the exact same area which was the site of [her] injury." Because the area was heavily traversed by Black–Eyed employees, Duncan urges that "it is only logical to assume that one or more of the various Black–Eyed Pea employees knew or should have known of that condition as they walked back and forth, in and out of the kitchen."

In *Stoner v. Wal–Mart Stores, Inc.,* 35 F.Supp.2d 958 (S.D.Tex.1999), Judge Kent opined about a similar slip-and-fall case involving a notice issue. Mr. Stoner slipped and fell on a spill located on the floor in a Wal–Mart store. Like the present case, Wal–Mart filed a motion for summary judgment based on notice. The court denied the motion and found that Stoner had raised a fact issue concerning constructive notice because the evidence indicated that Stoner fell in an area of the store where employees were normally stationed:

Where an invitee attempts to prove constructive notice through circumstantial evidence, as Plaintiff appears to do in this case, he must establish that more likely than not the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the spill. *See Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998). Here, Plaintiff has produced no evidence indicative of the length of time the spill existed before his fateful interaction with it. However, Plaintiff has produced one piece of evidence that has some bearing on the issue of Defendant's notice. In his deposition, Plaintiff testified that the accident occurred within ten to twelve feet of the nearest cash register. Given the close proximity between the site of the spill and the nearest register, the Court is not convinced that only a showing that the spill had existed for a certain length of time would satisfy the constructive notice requirement. In *Gonzalez,* the case in which the Texas Supreme Court articulated the length-of-time requirement, the majority opinion does not indicate precisely where the macaroni salad that caused the plaintiff's injury had been spilled, noting only that it was a "heavily-traveled aisle." *See id.* 968 S.W.2d at 937.[FN1] Given the apparent lack of such information, *Gonzalez's* ruling that the duration of a condition's existence is determinative of whether the proprietor had constructive notice of it seems sensible. However, where a condition exists within view of a fixed point at which employees are normally stationed, hewing to such a hard-line rule seems much less sensible. This Court is aware that it must tread lightly when applying state law. In this case, though, mechanically applying the rule of *Gonzalez* to a case that is on its face distinguishable would seem to the Court a greater transgression than would the alternative. [FN2] Given the proximity between the checkout counter and the spill, and given this Court's mandate to draw all justifiable

inferences in favor of the non-moving party, *see Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56, it appears that a question of material fact exists with respect to the issue of constructive notice notwithstanding that Plaintiff has offered no evidence of the how long the spill existed. [FN3] Accordingly, the Court concludes that it cannot grant Defendant's Motion on the basis of the facts now before it. Defendant's Motion for Summary Judgment is therefore DENIED.

*Id.* at 960.

In the present case, Duncan fell at a place on the floor of the restaurant where Black Eyed employees frequently traversed. As in *Stoner,* although Duncan has offered no evidence concerning how long the condition existed, she has raised a material fact question with respect to the issue of constructive notice. We therefore sustain Duncan's first point of error and remand this cause for a new trial. We need not address her remaining points of error.

REVERSED AND REMANDED.

WALKER, Chief Justice, dissenting.

I must dissent, respectfully of course. The majority has chosen to base its reversal of summary judgment on the factually dissimilar federal district court case, *Stoner v. Wal–Mart Stores, Inc.,* 35 F.Supp.2d 958 (S.D.Tex.1999). Although the majority pays "lip service" to our Texas Supreme Court decisions in *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 536–37 (Tex.1975) and *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998), it ignores the fundamental requisite requirements of *Gonzalez* in evaluating our present case.

In reviewing the record in this appeal and determining that dissent was essential, I became somewhat fascinated with the trial court's written opinion contained in the October 8, 1998, letter: "TO ALL COUNSEL." Following an in-depth review of this letter I believe my dissenting opinion can be best stated through my plagiarism/adoption of Judge Shuffield's letter:

October 8, 1998

Re: No. D–155,598; Betty Duncan v. Black–Eyed Pea U.S.A., Inc.

TO ALL COUNSEL:

I have now had an opportunity to consider the Motion for Summary Judgment filed by Black–Eyed Pea U.S.A., Inc. in connection with the above-captioned matter. At issue is whether there is any evidence to support a conclusion that the defect complained of would be considered unreasonably dangerous and, secondly, whether the defendant knew or should have known of such condition on its premises. As pointed out by the parties, our Supreme Court has recently raised the bar in terms of the requisite proof to establish constructive knowledge on the part of a premise owner. *See; Wal–Mart Stores, Inc. v. Flora Gonzalez,* 968 S.W.2d 934, 41 Tex. Sup. Ct. J. 811 (May 1998). In that case, the Court held that there must be more than circumstantial evidence from which inferences of constructive knowledge may be drawn to constitute legally sufficient evidence.

In the instant case, the defendant has moved for Summary Judgment pursuant to Rule 166a(i) on the grounds that there is no evidence:

a. That defendant had knowledge or constructive knowledge of any alleged premises defect; and/or

b. That any hazard was unreasonably dangerous.

In support of its opposition to defendant's Motion, plaintiff seeks to establish a factual basis for constructive knowledge from the following:

a. The fall occurred in an area that is frequently traveled by employees and, therefore, they "should

have known" of the alleged condition.[1]

b. Plaintiff's affidavit states that the area was slippery and it felt to her as if there was a film of grease on the floor. The area is located near the kitchen and, therefore, the grease must have come from the kitchen in question.

In slip-and-fall cases, Texas courts have allowed actual or constructive knowledge to be met in one of three ways, to wit:

1. Evidence that the owner/operator put the foreign substance on the floor;

2. Evidence that the owner/operator knew that it was on the floor and negligently failed to remove it; or

3. Evidence that the substance was on the floor for such a period of time that in the exercise of ordinary care it should have been discovered and removed.

*Keetch v. Kroger,* 845 S.W.2d 262 (Tex. 1992); *Richardson v. Wal–Mart Stores, Inc.,* 963 S.W.2d 162 (Tex.App.—Texarkana 1998, no writ).

In the instant case, there is no evidence that Black–Eyed Pea placed the foreign substance on the floor. While plaintiff argues that it might, circumstantially, be established through its proximity to the kitchen as having come from the kitchen, this is nothing more than impermissible speculation inasmuch as an opposite conclusion would be equally plausible. *Wal–Mart Stores, Inc. v. Flora Gonzalez,* 968 S.W.2d at 936.

There is, likewise, no evidence from which it can be established that Black–Eyed Pea knew that the bread and/or slippery substance was on the floor and failed to remove it.

Thus, only in the event that the evidence establishes that the substance was on the floor so long that, in the exercise of ordinary care, it should have been discovered and removed can the requisite level of knowledge be found.

Plaintiff first relies on *Collard v. Interstate Northborough,* 961 S.W.2d 701 (Tex.App.—Tyler 1998, no writ) in support of her position that the circumstantial evidence would support such a conclusion. The *Collard* case is distinguishable, however, on two bases. First, there the allegation pertained to the inherent slipperiness of the entire floor of a bathroom. In the instant case, plaintiff complains of a greasy spot suggestive of a foreign substance on the floor. More importantly, *Collard* involved a summary judgment granted pursuant to 166a T.R.C.P. Under that particular form of summary judgment motion, the burden was on the *defendant* to prove that there was no genuine issue of material fact as to any element of the liability cause of action. In the instant case, defendant has moved pursuant to Rule 166a(i) T.R.C.P., which places the burden on the *plaintiff* to present evidence. Here, plaintiff has failed to set forth any evidence that defendant: (a) was responsible for the slippery substance on the floor (beyond impermissible speculation prohibited by the Supreme Court in *Gonzalez*); (b) knew of the slippery substance/bread on the floor and failed to take reasonable steps to remedy the situation, or; (c) that the slippery substance/bread had been on the floor for such a period of time as to charge defendant with constructive knowledge.

In addition, plaintiff relies on *Furr's Super Market v. Garrett,* 615 S.W.2d 280 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.) for the proposition that constructive knowledge can be inferred under the current circumstances. The *Garrett* decision, however, would turn on the peculiar facts of that case. In that case,

1. Plaintiff primarily testifies that there was a dried piece of bread on the floor. She, likewise, gives inconsistent testimony as to whether the area was slippery.

the evidence established that there were five employees of the defendant's store who were located near the place of the fall (within 5–6 feet or closer); that such employees were there for a continuous time before the plaintiff fell and that they were there at the time of the plaintiff's fall and immediately thereafter. Moreover, the substance on the floor which caused plaintiff's fall was a banana skin and liquid which were readily visible. In the instant case, although the evidence establishes that employees of the defendant traversed the area, the nature of the defect is not conspicuous and the continuity of presence by defendant's employees has not reached the level of those in the *Garrett* case.

The Supreme Court has raised the level of proof to establish the requisite elements for premises liability by disallowing proof through circumstantial evidence if it does nothing more than support speculation (i.e. the evidence does not exclude an opposite interpretation).[2] As such, this Court is bound to give effect to such pronouncement.

For the above reasons, defendant's Motion for Summary Judgment will be granted. Accordingly, I have executed the attached Order as of today's date.

Very truly yours,

/S/ Judge Milton Gunn Shuffield

JMGS/ml

---

**2.** Despite the acknowledged hardship on the plaintiff under such circumstances.