IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2002 Session

## MARGARET PARKER v. THE KROGER COMPANY

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 95499-2 T.D.      The Honorable James F. Russell, Judge**

_____

**No. W2001-01977-COA-R3-CV - Filed March 19, 2002**

_____

Plaintiff, a Tennessee resident, slipped and fell in a Kroger store in Texas. Plaintiff sued defendant in Shelby County Circuit Court, and the parties agreed that Texas law was applicable. The trial court granted summary judgment for defendant, and plaintiff appeals. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, J., joined.

Marshall L. Gerber, Memphis, For Appellant, Margaret Parker

Minton P. Mayer, Memphis, For Appellee, The Kroger Company

**OPINION**

This is a slip and fall case. Plaintiff, Margaret Parker ("Ms. Parker"), appeals from an order granting summary judgment to Defendant, The Kroger Company ("Kroger"). Ms. Parker, a resident of Shelby County, Tennessee, slipped in a Kroger store located in Flower Mound, Texas on a "dark object like a grape or a piece of vegetable" that had been mashed. Ms. Parker injured her knee in the fall.

Ms. Parker filed a complaint in this action in Shelby County Circuit Court on June 26, 1998. Kroger then filed a Motion to Dismiss on the grounds of *forum non conveniens*, which the trial court granted. This Court reversed the trial court and remanded the case to the circuit court. Upon remand, Kroger filed a Motion for Summary Judgment, which the trial court granted on July 24, 2001.

Ms. Parker appeals and presents one issue on appeal: Whether the trial court erred in granting Kroger summary judgment. For the following reasons, we reverse the trial court and hold that summary judgment was inappropriate in this case.

Although the parties agree that the substantive law of Texas applies, the procedural aspects of the case are governed by Tennessee law. *See Standard Fire Ins. Co. v. Chester-O'Donley & Assocs.*, 972 S.W.2d 1 (Tenn. Ct. App. 1998); *State ex rel. Smith v. Early*, 934 S.W.2d 655 (Tenn. Ct. App. 1996).

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Texas law requires the plaintiff in a slip and fall case to prove four elements to recover damages:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's damages.

***Wal-Mart Stores, Inc. v. Gonzalez***, 968 S.W.2d 934, 935 (Tex. 1998). The law regarding actual or constructive knowledge is the same in Tennessee. ***See, e.g., Moon v. SCOA Industries***, 764 S.W.2d 550, 553 (Tenn. Ct. App. 1988); ***Benson v. H.G. Hill Stores, Inc.***, 699 S.W.2d 560, 563 (Tenn. Ct. App. 1985).

Under Texas law, where the Plaintiff is alleging the Defendant had constructive notice of the dangerous or defective condition, the Plaintiff may establish constructive notice by showing that, "more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." ***Gonzalez***, 968 S.W.2d at 936. The same is true in Tennessee. ***See, e.g., Burgess v. Tie Co. 1,*** 44 S.W.3d 922, 923 (Tenn. Ct. App. 2000); ***Martin v. Washmaster Auto Ctr., U.S.A.,*** 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996). However, in a case such as this, which comes to us on summary judgment, we must determine whether "reasonable persons could draw conflicting inferences from the facts." ***Underwood v. HCA Health Services of Tenn., Inc.***, 892 S.W.2d 423, 426 (Tenn. Ct. App. 1994). Specifically, we must ask whether a reasonable jury could conclude that Kroger had constructive knowledge of the dangerous condition in the area between the checkout counters and the store exit and yet failed to take corrective action or warn its customers of the condition. ***See, e.g., Simmons v. Sears, Roebuck & Co.***, 713 S.W.2d 640, 642 (Tenn. 1986).

In this case, Ms. Parker fell on a "dark object. . . that had been mashed" in the area where customers exit the checkout lines and the store. Ms. Parker opines that the object "had been there for some time." She argues that the proximity of the area where she fell to the checkout counter with Kroger employees on duty is sufficient to establish that Kroger had constructive knowledge that a dangerous or defective condition existed. It appears that in this case, a reasonable person could infer that the object upon which Ms. Parker slipped had been on the floor for some time, and that the location of the object in relation to Kroger's employees makes it more likely than not that Kroger's employees had a reasonable opportunity to discover and correct the condition.

In response, Kroger cites numerous cases in which courts have held such evidence of constructive knowledge to be insufficient. The primary Texas case Kroger cites in support of this position is ***Wal-Mart Stores, Inc. v. Gonzalez***, ***supra***. In ***Gonzalez***, the plaintiff slipped and fell on spilled macaroni salad. On appeal, the Texas Supreme Court noted that, "meager circumstantial evidence from which equally plausible but opposite inferences may be drawn is speculative and thus legally insufficient to support a finding." 968 S.W.2d at 936. The ***Gonzalez*** case is an appeal of a jury verdict in favor of the plaintiff, rather than a grant of summary judgment. It can be distinguished from the case at bar because the opinion does not indicate that the plaintiff's fall occurred in close proximity to the defendant's employees.

We believe that the Texas case of ***Duncan v. Black-Eyed Pea U.S.A., Inc***, is more on point. 994 S.W.2d 447 (Tex. App. 1999), ***rev. denied***, October 19, 2000. In ***Duncan***, the Texas Court of

Appeals for the Ninth District reversed the trial court's grant of summary judgment in favor of the defendant restaurant in a case where a customer slipped and fell on what appeared to be a piece of bread or some grease. *Id.* at 450. The *Duncan* Court said:

> Given the proximity between the checkout counter and the spill, and given this Court's mandate to draw all justifiable inferences in favor of the non-moving party, it appears that a question of material fact exists with respect to the issue of constructive notice notwithstanding that Plaintiff has offered no evidence of how long the spill existed.

*Id.* at 449-50 (citations omitted).

We believe the same rule is applicable in the case at bar. Although Ms. Parker has produced little or no evidence of how long the object she slipped on had been on the floor, she has presented evidence that the area in which she slipped was close to the Kroger checkout counters with employees present and that the condition of the offending object gave the appearance of having been mashed. Under this record, therefore, we hold that whether Kroger had constructive notice of the dangerous condition is a dispute of material fact to be resolved by the trier of fact.

Admittedly, this is a very close question, but we are mindful of our Supreme Court's admonition in *Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

Id. at 24-25.

Accordingly, the order of the trial court granting Kroger summary judgment is reversed. The case is remanded to the trial court for such further proceedings as necessary. Costs of the appeal are assessed to Appellee, The Kroger Company.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.