**H. E. B. FOOD STORES**

v.

**I. B. SLAUGHTER et ux.**

No. 693.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 7, 1972.

Rehearing Denied Sept. 27, 1972.

Adams, Graham, Lewis, Jenkins & Graham, John E. Lewis, McAllen, for appellant.

Kelley, Looney, McLean & Alexander, Ralph L. Alexander, Edinburg, for appellees.

## OPINION

NYE, Chief Justice.

This is a slip and fall case. The trial court overruled the defendant's plea of privilege. The issue is whether plaintiffs have proved a cause of action against the defendant corporation to sustain venue under Subsections 9a and 23 of Article 1995.

This case was brought by the plaintiffs for personal injuries allegedly sustained by plaintiff's wife when she slipped and fell in the defendant's grocery store in Edinburg, Hidalgo County, Texas. Plaintiffs alleged that on July 3, 1970 while the wife was shopping for groceries in the defendant's store, she slipped and fell on loose grapes and water which were on the floor

causing her to have severe personal injuries to her body proximately caused by the negligence of the defendant. It was stipulated that the defendant was a Texas corporation whose resident home office and principal place of business was in Nueces County and it operated its store with a resident manager in Edinburg, Hidalgo County.

The defendant's first and second points of error urge that there is no evidence, or alternatively, the greater weight and preponderance of the evidence was insufficient to support the implied findings of the trial court that the negligence of the defendant or its employees was a proximate cause of plaintiffs' damages.

■■ The rule in Texas is that the occupier of premises owes a duty to use ordinary care to keep his premises in a reasonably safe condition for his invitees, or to warn them of any hazard. This duty requires him to inspect and discover dangerous conditions. He is required to protect his invitees from danger of which he, the occupier, knows or (because of his duty to inspect) should know in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup.1963).

■ In a slip and fall suit the plaintiff must establish that: (1) The defendant put the substance on the floor; or (2) the defendant knew that the foreign substance was on the floor and willfully or negligently failed to remove it; or (3) that the foreign substance had been on the floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. H. E. Butt Grocery Company v. Marroquin, 466 S.W.2d 837 (Tex.Civ.App.—San Antonio 1971), and authorities cited therein.

The plaintiff testified that she was in the store shopping and was walking in the produce area of the store when all of a sudden her feet "shot out" from under her. She fell down very hard in a sitting position. It was stipulated that the plaintiff fell in the defendant's store and sustained injuries to her person. Plaintiff testified that she immediately looked around to see what had caused her fall. She saw streaks on the floor and loose grapes in the same area. Her dress was wet and smeared with dirty water. In describing the size of the puddles of water she stated that there was no puddle large enough that she would have seen it and walked around it,—"just small, little puddles of water like maybe would run out and be swept off but they were still little puddles of water." She elaborated that the streaks of water looked like they had been swept through. She had not seen the grapes or the puddles of water before falling. She did not know that either was on the floor. She testified also that she had not known how long the grapes had been on the floor or how they had gotten there.

There is no evidence here that the defendant or its employees put the substances on the floor. If plaintiffs are to prevail it must be on the basis that the defendant's employees knew that the substances were on the floor and negligently failed to remove them, or that the substances had been on the floor for such a period of time that the defendant's employees, in the exercise of ordinary care, would have discovered and removed them. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948); H. E. Butt Grocery Company v. Russell, 391 S.W.2d 571 (Tex.Civ.App. —Waco 1965, ref. n. r. e.); Great Atlantic & Pacific Tea Company v. Giles, 354 S. W.2d 410 (Tex.Civ.App.—Dallas 1962, ref. n. r. e.).

■ The plaintiff had the burden of proving the venue facts by a preponderance of the evidence. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). Our Supreme Court in the case of James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959), said

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment. . . ."

Our Supreme Court in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950), speaking through Justice Calvert, said:

". . . In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature' . . . ."

■ The plaintiff was the only witness to testify in the case. She testified that the puddles of water were dirt streaked as if someone had swept through the water. We believe that a proper inference can be based upon this evidence that the defendant knew the water was on the floor or that it had been there long enough so that the defendant should have known about it. H. E. Butt Grocery Company v. Johnson, 226 S.W.2d 501 (Tex.Civ.App.—San Antonio 1949, n. r. e.). The very nature of water is, that ordinarily men know that dirt streaks are not naturally inherent in water. In order for dirt streaks to be present, it must be adduced, that either the water was tampered with by sweeping through it, or the water was allowed to remain on the floor a sufficient length of time so that outside particles of dust and dirt could accumulate in the water, thereby causing streaking conditions. See Furr's, Inc. v. Bolton, 333 S.W.2d 688 (Tex.Civ.App.—El Paso 1960).

■ At the time of the accident there were three or four men unloading produce a few feet from where the plaintiff fell. The plaintiff testified that there were grapes on the floor and that the grapes displayed on the produce counter were displayed loose and in bulk. Other grocery stores displayed such grapes in cardboard boxes or in mesh packages so that they would not fall out easily. A jury would be entitled to believe that if it was the grapes that the plaintiff fell on, then defendant was negligent in displaying the grapes in bulk instead of displaying them in containers as some other stores do.

■ The men that the plaintiff saw nearby were standing there talking and unloading produce. At the time she fell, plaintiff heard one of the men say: "She fell on those grapes". The spontaneous res gestae type statement made by the men unloading the produce that: "She fell on those grapes" reasonably infers that defendant's employees knew that the loose grapes were on the floor a sufficient length of time, so that such grapes should have been removed in the exercise of ordinary care. We believe that with the several employees standing in the close proximity of where the plaintiff fell, a jury would also be entitled to find that they were negligent in not observing and correcting the dangerous condition of the floor. The condition of the water and grapes intermingled on the floor constituted a rather serious hazard.

On the basis of all the foregoing we believe that there was circumstantial evidence in the record to the effect that the wet condition of the floor was known to at least the one employee who attempted to sweep up the water. There is also circumstantial evidence that at least one of the employees knew that there were grapes on the floor as this was his immediate explanation of why she fell. We believe that all of the direct and circumstantial evidence and the inferences properly attributed to it is sufficient proof of a cause of action to uphold the trial court's judgment. Appellant's first and second points are overruled. It is not necessary for us to decide appellant's third point of error, as such evidence has not been considered by us.

The judgment of the trial court is affirmed.