ALBERTSON'S, INC., Appellant,

v.

Annie MUNGIA, Appellee.

No. 1611.

Court of Civil Appeals of Texas, Corpus Christi.

June 26, 1980.

David J. Dunn, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellant.

Jack P. Kelso, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This slip and fall case involves an appeal by Albertson's, Inc., defendant in the trial court, from a judgment awarding Annie Mungia, plaintiff in the trial court, $7,192.79 for injuries she allegedly sustained in defendant's grocery store. Trial of the cause was to a jury which answered special issues favorably to plaintiff. Judgment was rendered on the verdict for plaintiff.

Defendant's points of error may be grouped into four general areas of contention. First, defendant complains that the evidence is legally and factually insufficient to support any finding that water which allegedly caused plaintiff's fall had been on defendant's floor for such a period of time that it should have been discovered and removed by defendant in the exercise of ordinary care. Second, defendant claims that the evidence is legally and factually insufficient to support any finding that defendant was negligent in failing to remove water from its floor. Third, defendant asserts that the evidence is overwhelming that plaintiff was comparatively negligent in failing to keep a proper lookout while she was leaving defendant's store. Finally, defendant alleges jury misconduct for which a new trial should have been granted by the trial court.

We begin by reviewing the testimony of the various witnesses as a prelude to addressing the evidentiary points raised by defendant. Plaintiff testified that she and two of her children went to defendant's store in Corpus Christi on July 30, 1978, to eat at the store's snack bar. They entered through a side exit, walked to the snack bar past some cash registers, spent about thirty minutes eating, and then returned to exit the store the same way they entered. As they passed an ice machine, plaintiff said that she slipped on "a lot of water" which she had not previously noticed. The water was clear and in front of the ice machine "sort of like a stream way down toward the cashier." The ice machine was about ten feet from the closest cash register and plaintiff was about five feet from the ice machine. She was wearing tennis shoes at the time and was watching where she was walking. When she slipped she "sort of gave out a yell" and "there was this girl there" who "just came and stood there" and

"hollered to this boy, this sack boy there . . . Hey, would you come over here, and would you get the mop and come mop here. There is water there on the floor. There is going to be some more people falling down here." Plaintiff described the girl as "young, probably about seventeen or eighteen years, and she was anglo. She had her hair sort of blondish." Plaintiff also testified that after her fall she saw the water around the ice machine and underneath the machine. At the time of the fall, there was a sack boy standing at the ice machine who was handing a bag of ice to a customer. It was drizzling rain on the day in question, but plaintiff did not see any muddy footprints around the ice machine. She had no way of knowing how long the water had been there before she slipped and fell.

Most of plaintiff's testimony was confirmed by her daughter, who was with her on the day in question. She was walking behind her mother and did not see the water before the fall. She did not remember the exact words used by the blond, anglo employee described by her mother. But, she stated that the water was around the ice machine and was leading like a "little stream or something from the ice machine to the check-stand." She also stated that there was an employee at the ice box handing a bag of ice to a lady customer. The daughter also had no idea how long the water had been on the floor.

The testimony of plaintiff and her daughter was contradicted by employees of defendant. The store manager testified that he did not become aware of the alleged accident until the following day. According to the manager, he talked to the front-end manager in charge at the time of the accident who did not have any personal knowledge of the incident. In fact, he had contacted everyone who was working at the store in the area of the alleged accident on the day in question and had found no person with any personal knowledge of the incident. The store had never had any problem with the ice machine regarding water running out from under it, although occasionally a piece of ice might fall off a bag and create a small puddle.

According to the store manager, the only employee who fit the description by plaintiff of the girl who gave instructions for someone to get a mop was the assistant front-end manager. She testified that she did not recall anyone slipping and falling in the front of the store on the day in question. Furthermore, she did not recall any large puddle of water running out from underneath the ice machine on that day. Other witnesses corroborated her testimony. Obviously, since all defendant's witnesses disavowed any knowledge of the accident, there was no testimony which contradicted plaintiff's claim that she was watching where she was walking immediately prior to the alleged slip and fall.

In a slip and fall case, it is incumbent upon the plaintiff, in order to establish liability against the defendant operator of the store, to show: 1) defendant put the foreign substance upon the floor; or 2) defendant knew the foreign substance was on the floor and willfully or negligently failed to remove it; or 3) the foreign substance had been upon the floor for such a period of time that it would have been discovered and removed by defendant had defendant exercised ordinary care. *H. E. Butt Grocery Company v. Tester*, 498 S.W.2d 683 (Tex.Civ.App.—Corpus Christi 1973, no writ); *H. E. Butt Grocery Company v. Marroquin*, 466 S.W.2d 837 (Tex.Civ. App.—San Antonio 1971, no writ).

In the case at bar, the jury was asked whether the water had been on defendant's floor for such a period of time that it would have been discovered and removed by defendant in the exercise of ordinary care. The jury was instructed to find whether the failure of defendant to remove the water prior to plaintiff's fall was negligence. The jury answered both questions affirmatively. It also found that plaintiff slipped and fell in defendant's store on July 30, 1978, as the result of water on the floor. This latter finding is not attacked by defendant in this appeal.

In reviewing the evidence in order to address defendant's complaints regarding

the jury findings that the water was on defendant's floor for a sufficient period of time, and that defendant was negligent in failing to remove it, we follow the well established rules applicable to a case of this type. In reviewing defendant's no evidence points we consider only the evidence and inferences tending to support the jury findings (the testimony of plaintiff and her daughter), and we disregard all contrary evidence and inferences (testimony of defendant's employees). *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup. 1965). In reviewing defendant's factual insufficiency and great weight points we consider all the evidence to determine whether the jury findings are manifestly unjust. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The facts of the case at bar closely resemble those of *H. E. B. Food Stores v. Slaughter*, 484 S.W.2d 794 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd). In *Slaughter*, plaintiff slipped and fell in defendant's store. At the time she fell, plaintiff heard a man who was unloading produce a few feet away state: "She fell on those grapes." Plaintiff testified that there were grapes and puddles of water on the floor. We held that the spontaneous *res gestae* type statement made by the man unloading the produce created the reasonable inference that defendant's employees knew that loose grapes were on the floor a sufficient length of time, so that such grapes should have been removed in the exercise of ordinary care.

Defendant asserts that the statement allegedly uttered by the "blond, anglo" employee of defendant in the case at bar to the effect that someone ought to get a mop and clean the water off the floor to avoid other accidents was not a spontaneous res gestae type statement. Defendant also contends that the alleged utterance is not admissible under any other exception to the hearsay rule and, therefore, it constitutes no evidence. Finally, defendant argues that, even if it is admissible, the alleged utterance by the store employee does not raise any permissible inference that the defendant's employees knew that water was on the floor, or that water had been on the floor long enough to be noticed, or that defendant was negligent in failing to remove the water from its floor prior to plaintiff's fall.

█ To be admissible a *res gestae* statement of a witness must be shown to have been a spontaneous reaction to an exciting event. *Hartford Accident & Indemnity Company v. Hale*, 400 S.W.2d 310 (Tex.Sup. 1966); *Southwestern Bell Telephone Co. v. Griffith*, 575 S.W.2d 92 (Tex. Civ.App.—Corpus Christi 1978, write ref'd n.r.e.). The circumstances must be such as to create a reasonable presumption that the statements were the spontaneous utterance of thought created by or out of the occurrence itself. *Truck Insurance Exchange v. Michling*, 364 S.W.2d 172 (Tex.Sup. 1963); *Southwestern Bell Telephone Co. v. Griffith*, supra. Applying these rules to the case at bar, we think that the utterance by the store employee was admissible. Defendant points to evidence which indicates that the declarant was not excited at the time of the utterance, but instead was callous and indifferent to plaintiff's situation. We believe, however, that the very happening of a slip and fall is enough to clothe temporally proximate statements by an observer with special significance. The circumstances in other words, are enough to characterize the statement as the event voicing itself. *Knapik v. Edison Bros., Inc.*, 313 S.W.2d 335 (Tex.Civ.App.—Waco 1958, writ ref'd).

In addition to the statement by the store employee being admissible, we think that it creates a reasonable inference that the water had been on the floor long enough to constitute notice of the existence to defendant. Moreover, this inference is buttressed by plaintiff's testimony that there was "a lot of water" and that the water was in a stream leading from the ice machine toward the cash register.

█ The dispensing of bags of ice from an ice machine can bring with it water on the floor in the immediate vicinity of the machine. Ordinary care requires that such a place be constantly watched and water

removed from the floor frequently. There is circumstantial evidence in this case which amply supports the jury finding that the water which caused plaintiff's fall had been on the floor of defendant's store long enough that it should have been discovered and removed by defendant in the exercise of ordinary care before the accident. Plaintiff did not notice any water when she first passed by the ice machine; thirty minutes later, when she was in the process of leaving defendant's store by the same route, the water had accumulated. The circumstances give rise to a presumption that the water on the floor resulted from melted ice. Considering the fact that the ice machine was located about ten feet from a cash register, where an employee of defendant was positioned, the fact that another employee, at the time of plaintiff's fall, was handing a bag of ice to a customer of the store, the fact that the accumulation of water was of sufficient size in area to cause water to run in a "little stream" toward the cash register, the failure of defendant's employees to discover and remove the water "might be considered as substandard conduct by a jury," especially in view of the fact that the presence of water on the floor in the immediate vicinity of the ice machine must be considered as usual and to be expected. *H. E. Butt Grocery Company v. Johnson*, 226 S.W.2d 501, 503 (Tex.Civ.App.—San Antonio 1949, writ ref'd n.r.e.); *Ice Service Company v. Scruggs*, 284 S.W.2d 185 (Tex.Civ. App.—Fort Worth 1955, writ ref'd n.r.e.). We are of the opinion that the challenged finding by the jury was based upon a logical and proper inference which was fairly drawn upon evidence free and distinct from speculation and conjecture.

In answer to special issue number five, the jury refused to find that plaintiff failed to keep a proper lookout. There was evidence to support the jury in the testimony of plaintiff that she was watching where she was going when she slipped and fell. There was no evidence to the contrary.

Finally, defendant alleged jury misconduct in this appeal. According to the testimony of three jurors at the hearing upon defendant's motion for new trial, during a break in the trial several jurors stepped out of the elevator and encountered a puddle of water in the hallway through which at least one juror stepped without noticing. This event was later discussed by some of the jurors. It is defendant's argument that these discussions constituted jury misconduct.

The effect of jury misconduct must be determined in light of Rule 327, T.R.C.P. This rule directs the trial court to inquire as to whether, as a matter of fact, jury misconduct occurred. If misconduct is proved from the record as a whole, it then must be determined before a reversal is justified, if such misconduct was material and if probable injury resulted to the complaining party. *Fountain v. Ferguson*, 441 S.W.2d 506 (Tex.Sup. 1969); *McAllen Coca Cola Bottling Co., Inc. v. Alvarez*, 581 S.W.2d 201 (Tex.Civ.App.—Corpus Christi 1979, no writ).

To grant or deny a new trial on the basis of jury misconduct is to a large extent within the sound discretion of the trial court. Its decision will not be disturbed unless clearly erroneous. The question of whether misconduct occurred is one of fact to be determined by the trial court from the evidence at the motion for new trial as any other question of fact is to be determined. This rule will ordinarily be accepted as final when supported by the evidence or when the evidence thereon is conflicting. Where the trial judge overrules the motion for new trial on the ground of jury misconduct and does not make findings of fact, it will be presumed on appeal that the court made findings that were necessary to support its order. *McAllen Coca Cola Bottling Co., Inc. v. Alvarez*, supra.

There were no findings of fact filed by the trial court after its hearing upon defendant's motion for new trial. At the hearing, one juror testified some other jurors told her during a break in the trial that she had stepped through a puddle of water after exiting an elevator without noticing the puddle. It was not discussed during

their deliberations but rather during a break in the coffee shop of the courthouse. A second juror then testified that she was told by other jurors about the incident outside the elevator. According to this juror, discussions occurred during jury deliberations regarding defendant's negligence. More specifically, the juror testified that the incident was brought up after the jury already had decided upon the amount of money it should award plaintiff. Finally, a third juror testified that the subject of the puddle in the courthouse hallway was mentioned by several jurors during their deliberation of the case. One juror stated that there is only one definition of ordinary care and another juror used the puddle incident as an example.

It is defendant's theory that the discussion of the puddle incident during jury deliberations violated the long established rule that jurors must not be permitted to become secret witnesses in the jury room by testifying and attempting to influence their peers with evidence that did not come from the mouths of sworn witnesses during the course of trial. See *Central Power & Light Company v. Freeman*, 431 S.W.2d 897 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.).

We disagree with defendant's argument. There was conflicting testimony as to the time of the discussions in question. The jurors who testified at the hearing on defendant's motion for new trial appeared to be confused at times. Furthermore, even if we assume there was misconduct, it does not reasonably appear that injury probably resulted. It seems to us that the jurors who testified at the hearing would have been much more unequivocal in remembering the discussion in question if such discussions where influential in their deliberations in any material manner.

Defendant has failed to establish any reversible error in the trial court. We have carefully considered all of defendant's points of error. They are overruled. Therefore, the judgment of the trial court is AFFIRMED.