**Jerry STONER**

v.

**WAL–MART STORES, INC.**

No. Civ.A. G–98–371.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 18, 1999.

Jose R. Lopez, II, Attorney at Law, Houston, TX, for plaintiff.

Alan N. Magenheim, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, Houston, TX, for defendant.

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff filed this suit in Brazoria County Civil Court at Law No. 2 on June 19, 1998, alleging that he suffered personal injuries when he slipped at Defendant's Angleton Wal–Mart store. Defendant subsequently removed the case to this Court alleging diversity of parties, 28 U.S.C. § 1332, as the basis for federal jurisdiction. Now before the Court is Defendant's Motion for Summary Judgment of January 5, 1999. For the reasons set forth below, Defendant's Motion is **DENIED**.

### I. FACTUAL SUMMARY

On September 7, 1996, Plaintiff entered a Wal–Mart store in Angleton, Texas. At some point during this shopping trip, Plaintiff was separated from his wife and began roaming the store looking for her. Plaintiff alleges that he encountered a spill of some type on the floor shortly thereafter. Immediately upon encountering the substance, Plaintiff allegedly slipped and suffered the injuries forming the basis of this suit.

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. See id. 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. See id. 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. See id.; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Dixon v. State Farm Fire & Casualty Co., 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255, 106 S.Ct. at 2513.

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553; see also Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. See Matsushita, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; Wise v. E.I. DuPont de Nemours & Co., 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. See Matsushita, 475 U.S. at 585–87, 106 S.Ct. at 1355–56. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. 475 U.S. at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)).

### III. ANALYSIS

■ This is a premises liability case. As a shopper, Plaintiff was Defendant's invitee. See Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex.1983) (citing Rosas v. Buddies Food Store, 518 S.W.2d 534, 536 (Tex.1975)). As an invitee, Plaintiff must

prove each of the following four elements to establish Defendant's liability:

(1) The defendant had actual or constructive knowledge of some condition on the premises;

(2) The condition posed an unreasonable risk of harm to the plaintiff;

(3) The defendant did not exercise reasonable care to reduce or eliminate the risk; and

(4) The defendant's failure to use reasonable care proximately caused the plaintiff's injuries.

*See Keetch v. Kroger Co.*, 845 S.W.2d 276, 279–80 (Tex.App.14thDist.–Dallas1990). Defendant has focused its summary judgment efforts exclusively on the first of these elements, arguing that there is no evidence that it had either actual or constructive notice of the condition that caused Plaintiff's injuries. Specifically, Defendant argues that Plaintiff has offered no evidence that the spill existed long enough to afford Defendant a reasonable opportunity to discover its existence.

Where an invitee attempts to prove constructive notice through circumstantial evidence, as Plaintiff appears to do in this case, he must establish that more likely than not the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the spill. *See Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998). Here, Plaintiff has produced no evidence indicative of the length of time the spill existed before his fateful interaction with it. However, Plaintiff has produced one piece of evidence that has some bearing on the issue of Defendant's notice.

In his deposition, Plaintiff testified that the accident occurred within ten to twelve feet of the nearest cash register. Given the close proximity between the site of the spill and the nearest register, the Court is not convinced that only a showing that the spill had existed for a certain length of time would satisfy the constructive notice requirement. In *Gonzalez*, the case in which the Texas Supreme Court articulated the length-of-time requirement, the majority opinion does not indicate precisely where the macaroni salad that caused the plaintiff's injury had been spilled, noting only that it was a "heavily-traveled aisle." *See id.* 968 S.W.2d at 937.[1] Given the apparent lack of such information, *Gonzalez*'s ruling that the duration of a condition's existence is determinative of whether the proprietor had constructive notice of it seems sensible. However, where a condition exists within view of a fixed point at which employees are normally stationed, hewing to such a hard-line rule seems much less sensible. This Court is aware that it must tread lightly when applying state law. In this case, though, mechanically applying the rule of *Gonzalez* to a case that is on its face distinguishable would seem to the Court a greater transgression than would the alternative.[2] Given the proximity between the checkout counter and the spill, and given this Court's mandate to draw all justifiable inferences in favor of the non-moving party, *see Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56, it appears that a question of material fact exists with respect to the issue of constructive notice notwithstanding that Plaintiff has offered no evidence of the how long the spill existed.[3] Accordingly, the Court concludes

---

1. Nor does the court of appeals opinion in *Gonzalez* mention the precise location of the macaroni salad. *See Wal–Mart Stores, Inc. v. Gonzalez*, 954 S.W.2d 777 (Tex.App.—San Antonio 1997). However, that court's trenchant observation that "macaroni salad does not lend itself to carbon–14 dating," *id.* 954 S.W.2d at 780, does merit some recognition.

2. In any event, the supreme court's holding in *Gonzalez* does not appear to advocate a rigid time requirement for plaintiffs seeking to show constructive notice. While *Gonzalez* requires that a plaintiff show that *"more likely than not ... the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition," see Gonzalez,* 968

S.W.2d at 936 (emphasis added), the decision does not appear to be insensitive to the effect other factors could have on the length of time necessary to establish constructive notice. Presumably, factors affecting this analysis could include physical proximity between the condition and employee workstations. For example, a spill in a remote corner of a supermarket might have to exist for a longer time to establish constructive notice than would a spill a few feet away from a checkout counter.

3. However, should evidence establish, for example, that the checkout counter was unoccupied at the time of Plaintiff's accident or that the view of the spill from the checkout counter was obstruct-

that it cannot grant Defendant's Motion on the basis of the facts now before it. Defendant's Motion for Summary Judgment is therefore **DENIED.**

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **DENIED.** This case is set for trial on May 10,1999. Without further commenting on the merits of the claims or defenses herein asserted, the Court will examine them at that time. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

ed by a shelf, failure to provide evidence of the length of the spill's existence would assume greater importance.