WAL–MART STORES, INC., Appellant,

v.

Lizzie REECE, Appellee.

No. 10–98–176–CV.

Court of Appeals of Texas,
Waco.

Oct. 18, 2000.

J. Preston Wrotenbery, Kevin D. Jewell, Magenhaim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., Houston, for appellant.

Timothy F. Lee, Ware, Snow, .Fogel, Jackson & Greene, L.L.P., Houston, Roger Knight, Jr., Kevin Knight, Roger Knight, Jr., Inc., Madisonville, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Lizzie Reece filed suit against Wal–Mart Stores, Inc. for injuries she allegedly sustained after she slipped and fell in the snack bar area of the Huntsville Wal–Mart store. The jury found in Reece's favor and awarded her $53,512.47 in damages. Wal–Mart claims in three issues that: (1) there is no evidence or factually insufficient evidence to support a finding that Wal Mart had constructive knowledge of the puddle in which Reece slipped; (2) there is no evidence or factually insufficient evidence to support submission of a mental anguish issue to the jury or the amount awarded for mental anguish; and (3) Wal–Mart is entitled to a new trial because of side-bar remarks made by Reece's counsel during trial.

## BACKGROUND

Reece went to the snack bar in the Huntsville Wal–Mart store to purchase a chili dog. After she obtained her chili dog and paid for it, she walked "maybe two steps off" when she stepped in "something slippy" and fell on her right knee. Wal–Mart employee Stephen Cloyd had gone to the snack bar during his break. He was standing between five and eight feet in front of her at the snack bar when she fell. He turned around when he heard her fall and saw her down on one knee.

Cloyd noticed a small puddle of clear liquid near Reece. He described the size of the puddle as similar to a "small pizza, medium pizza, somewhere in there, possibly smaller." He recalled that the puddle was not directly in the path of travel for persons at the snack bar counter but was slightly to the side. Only the snack bar attendant, Reece, Cloyd, and another man and woman were in the snack bar area when Reece fell. No one besides Reece and Cloyd ever saw the puddle.

Reece testified that she had a small red spot on her right knee after the fall. Although her knee hurt, she did not think she had suffered a serious injury at the time. She reported the incident to the Wal–Mart manager on duty. The manager prepared an incident report and helped Reece to her granddaughter's car. The next morning Reece's knee was swollen. Two of her daughters transported her to the hospital where x-rays revealed that she had sustained a severe bruise. A physician later determined that she had suffered a tear of the lateral meniscus ligament as a result of the fall. Reece ultimately required surgery to correct this condition.

## CONSTRUCTIVE KNOWLEDGE

Wal–Mart contends in its first issue that there is no evidence or factually insufficient evidence to support a finding that it had constructive knowledge of the puddle in which Reece slipped and fell. Reece responds that, because Cloyd walked by the spill "only moments" before Reece fell, the jury could determine that he "should

have noticed the clear liquid and done something about it to protect Mrs. Reece."

■ When we decide a "no evidence" point, we consider only the evidence and inferences which tend to support the contested issue and disregard all evidence and inferences to the contrary. *See Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). We will sustain a no evidence point if: (a) there is a complete absence of evidence of a vital fact; (b) we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361, 362–63 (1960)). "More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995) (quoting *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994)).

■ A factual sufficiency challenge requires us to consider and weigh all the evidence, not just the evidence which supports the verdict. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998); *In re King's Estate,* 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951). We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and

unjust. *See Maritime Overseas Corp.,* 971 S.W.2d at 407.

■ To prevail in a slip-and-fall case, the plaintiff must prove that:

- the defendant had actual or constructive knowledge of a condition on its premises;
- the condition posed an unreasonable risk of harm;
- the defendant failed to exercise reasonable care to reduce or eliminate the risk; and
- such failure proximately caused injury to the plaintiff.

*See Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998). Generally, the plaintiff establishes constructive knowledge with evidence "that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care." *Keetch v. Kroger Co.,* 845 S.W.2d 262, 265 (Tex. 1992) (quoting *Robledo v. Kroger Co.,* 597 S.W.2d 560, 560 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.)); *accord Wal–Mart Stores, Inc. v. Tinsley,* 998 S.W.2d 664, 667 (Tex.App.—Texarkana 1999, pet. denied).[1]

Accordingly, Texas courts have held the evidence insufficient to establish constructive knowledge when the record contained no evidence of the length of time the foreign substance was on the floor. *See, e.g., Gonzalez,* 968 S.W.2d at 936–38; *Richardson v. Wal–Mart Stores, Inc.,* 963 S.W.2d 162, 165–66 (Tex.App.—Texarkana 1998, no pet.); *Robledo,* 597 S.W.2d at 560–61; *Furr's Supermarkets, Inc. v. Arellano,* 492 S.W.2d 727, 728 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.). Wal–Mart relies on these authorities because the record in

---

1. Wal–Mart recites this principle as most recently enunciated by the Supreme Court in *Gonzalez,* viz: "[T]he evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex.1998). However, this pronouncement actually constitutes a merger of two distinct legal principles: (1) the appropriate analysis to follow when addressing a "no-evidence" challenge to a verdict based on "meager circumstantial evidence from which equally plausible but opposite inferences may be drawn" (*i.e.,* "more likely than not"); and (2) the showing necessary to establish constructive knowledge in a premises liability case (*i.e.,* "dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition"). *See id.* at 936–38.

this case contains no evidence of the length of time the puddle in which Reece slipped was on the floor.

On the other hand, some courts have held that evidence of a close proximity between the location of the foreign substance and an employee of the proprietor will support a finding that the employee, in the exercise of ordinary care, should have discovered the substance and removed it, even if the plaintiff fails to offer any evidence of the length of time the substance was on the floor.[2] *See Duncan v. Black-Eyed Pea U.S.A., Inc.*, 994 S.W.2d 447, 449–50 (Tex.App.—Beaumont 1999, pet. filed) (slippery substance located in an area where "employees frequently traversed"); *Furr's Super Market v. Garrett*, 615 S.W.2d 280, 281–82 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.) (five employees located within five or six feet of water puddle); *Albertson's, Inc. v. Mungia*, 602 S.W.2d 359, 362–63 (Tex.Civ.App.—Corpus Christi 1980, no writ) (one employee ten feet away from puddle located beside ice machine and another employee at ice machine handing bag of ice to customer); *H.E.B. Food Stores v. Slaughter*, 484 S.W.2d 794, 797 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd) (three or four employees unloading produce "a few feet" from "water and grapes intermingled on the floor"); *see also Stoner v. Wal-Mart Stores, Inc.*, 35 F.Supp.2d 958, 960 (S.D.Tex.1999) (spill located between ten and twelve feet from cash register). Reece relies on these authorities because of Cloyd's proximity to the puddle.

From these distinct lines of cases, we conclude that a plaintiff can establish constructive knowledge in a premises liability case with evidence that:

- the dangerous condition existed for a sufficient length of time that it should have been discovered and removed in the exercise of ordinary care; *see Gonzalez*, 968 S.W.2d at 936–38; *Richardson*, 963 S.W.2d at 165–66; *Robledo*, 597 S.W.2d at 560–61; *Arellano*, 492 S.W.2d at 728; or

- the dangerous condition was in sufficient proximity to an employee of the defendant that it should have been discovered and removed in the exercise of ordinary care; *see Duncan*, 994 S.W.2d at 449–50; *Garrett*, 615 S.W.2d at 281–82; *Mungia*, 602 S.W.2d at 362–63; *Slaughter*, 484 S.W.2d at 797; *see also Stoner*, 35 F.Supp.2d at 960.

Reece's case falls into the latter category as the parties concede that the record contains no evidence of the length of time the spill was on the floor.[3]

Most of the proximity decisions rested on other factors in addition to proximity of employees. In *Garrett*, the court relied also on the size of the spill to affirm the verdict. *See Garrett*, 615 S.W.2d at 281–82. The court in *Mungia* found the evidence sufficient because of employee proximity, the size of the spill, and its opinion that "[t]he dispensing of bags of ice from an ice machine can bring with it water on the floor in the immediate vicinity of the machine. Ordinary care requires that such a place be constantly watched and water removed from the floor frequently." *Mungia*, 602 S.W.2d at 362–63.

**2.** In *Wal-Mart Stores, Inc. v. Tinsley*, the Texarkana Court addressed most of its analysis to the issue of length of time but concluded that sufficient evidence of constructive knowledge existed not only on the basis of time but also because of the size of the puddle and the fact that the puddle lay "approximately forty steps away from the courtesy booth." 998 S.W.2d 664, 668–69 (Tex.App.—Texarkana 1999, pet. denied).

**3.** We note that in the "length-of-time" cases, the plaintiffs did not proffer any evidence that the dangerous condition at issue was in close proximity to an employee. *See Gonzalez*, 968 S.W.2d at 936; *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 165–66 (Tex. App.—Texarkana 1998, no pet.); *Robledo v. Kroger Co.*, 597 S.W.2d 560, 560–61 (Tex.Civ. App.—Eastland 1980, writ ref'd n.r.e.); *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727, 728 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r.e.).

In *Slaughter*, the court recited several evidentiary factors which supported the verdict:

At the time of the accident there were three or four men unloading produce a few feet from where the plaintiff fell. The plaintiff testified that there were grapes on the floor and that the grapes displayed on the produce counter were displayed loose and in bulk. Other grocery stores displayed such grapes in cardboard boxes or in mesh packages so that they would not fall out easily. A jury would be entitled to believe that if it was the grapes that the plaintiff fell on, then defendant was negligent in displaying the grapes in bulk instead of displaying them in containers as some other stores do.

The men that the plaintiff saw nearby were standing there talking and unloading produce. At the time she fell, plaintiff heard one of the men say: "She fell on those grapes." The spontaneous res gestae type statement made by the men unloading the produce that: "She fell on those grapes" reasonably infers that defendant's employees knew that the loose grapes were on the floor a sufficient length of time, so that such grapes should have been removed in the exercise of ordinary care. We believe that with the several employees standing in the close proximity of where the plaintiff fell, a jury would also be entitled to find that they were negligent in not observing and correcting the dangerous condition of the floor. The condition of the water and grapes intermingled on the floor constituted a rather serious hazard.

On the basis of all the foregoing we believe that there was circumstantial evidence in the record to the effect that the wet condition of the floor was known to at least the one employee who attempted to sweep up the water. There is also circumstantial evidence that at least one of the employees knew that there were grapes on the floor as this was his immediate explanation of why she fell. We believe that all of the direct and circumstantial evidence and the inferences properly attributed to it is sufficient proof of a cause of action to uphold the trial court's judgment.

*Slaughter*, 484 S.W.2d at 797.

To the contrary, the courts in *Duncan* and *Stoner* relied solely on employee proximity to conclude that summary judgment for the defendants was inappropriate because material fact questions existed in each case on the issue of constructive knowledge. *See Duncan*, 994 S.W.2d at 450; *Stoner*, 35 F.Supp.2d at 960.

The evidence in Reece's case demonstrates that Cloyd walked within a few feet of the spill moments before Reece fell. The store manager agreed that the presence of self-serve drink and ice machines in that area increase the likelihood of spills there. He testified that, although Wal-Mart employees are generally responsible for keeping the area in which they are stationed free from hazards, they have an additional responsibility to intervene whenever "they walk past ... a known hazard" in any area of the store. This constitutes more than a scintilla of evidence to support the verdict. *See Garrett*, 615 S.W.2d at 281–82; *Mungia*, 602 S.W.2d at 362–63; *Slaughter*, 484 S.W.2d at 797; *see also Duncan*, 994 S.W.2d at 449–50 (summary judgment); *Stoner*, 35 F.Supp.2d at 960 (summary judgment).

The record contains little affirmative evidence contradictory to the verdict. The record contains no evidence concerning how long the spill was on the floor. Nevertheless, the above-cited cases stand for the proposition that chronology can be immaterial if the spill is located in close proximity to a store employee. No Wal-Mart employee saw the spill before Reece fell. However, that fact merely removes this case from the realm of actual knowledge and requires Reece to establish constructive knowledge (*i.e.*, whether the spill was in a location where it "should have been discovered" by an employee). Finally, the spill was apparently much smaller

than those in *Garrett* and *Mungia.* *Cf. Garrett,* 615 S.W.2d at 281–82; *Mungia,* 602 S.W.2d at 362–63.

Although the spill was fairly small, we conclude that, because of Cloyd's proximity to the spill, his responsibility to intervene whenever walking past "a known hazard," and the fact that the spill occurred in the concession area where the store manager conceded spills are more likely to occur, the jury's finding of constructive knowledge is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Maritime Overseas Corp.,* 971 S.W.2d at 407.

For these reasons, we overrule Wal–Mart's first issue.

## MENTAL ANGUISH DAMAGES

Wal–Mart argues in its second issue that the record contains no evidence or factually insufficient evidence to support the court's submission to the jury of the past and future mental anguish elements of damages or to support the jury's verdict on these elements of damages. Wal–Mart also claims that the damages awarded for past and future mental anguish are excessive.

■ Under Rule of Civil Procedure 278, a trial court must submit any issues to the jury "which are raised by the written pleadings and the evidence." TEX.R.CIV.P. 278. Thus, if some evidence exists in the record to support an issue properly pleaded by the plaintiff, the court must submit that issue to the jury. *See Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 718 (Tex.1995). Wal–Mart does not allege that Reece failed to raise the issue of mental anguish in her pleadings. Accordingly, if the record contains some evidence of past and future mental anguish, the court properly submitted these issues to the jury and Wal–Mart's "no-evidence" challenge to the verdict must necessarily fail.

■ We have already set out the standard of review for a "no-evidence"

challenge. "Texas has authorized recovery of mental anguish damages in virtually all personal injury actions." *City of Tyler v. Likes,* 962 S.W.2d 489, 495 (Tex.1997) (quoting *Krishnan v. Sepulveda,* 916 S.W.2d 478, 481 (Tex.1995)). "Where serious bodily injury is inflicted, ... we know that some degree of physical and mental suffering is the necessary result." *Id.* (quoting *Brown v. Sullivan,* 71 Tex. 470, 476, 10 S.W. 288, 290 (1888)). To recover mental anguish damages however, the plaintiff must proffer "direct evidence of the nature, duration, and severity of [her] mental anguish, ... establishing a substantial disruption in [her] daily routine." *Id.* (quoting *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995)); *see also Verinakis v. Medical Profiles, Inc.,* 987 S.W.2d 90, 95 (Tex.App.—Houston [14th Dist.] 1998, pet. denied).

■ Reece testified that, since the accident, she has had to constantly use a cane. Her knee regularly experiences swelling and causes her significant pain. She can no longer kneel in church for prayer as she did before. This constitutes more than a scintilla of evidence to support submission of the past and future mental anguish issues to the jury and to support the amount awarded. *See Weidner v. Sanchez,* 14 S.W.3d 353, 367–68 (Tex.App.—Houston [14th Dist.] 2000, no pet.); *Brookshire Bros., Inc. v. Wagnon,* 979 S.W.2d 343, 353–54 (Tex.App.—Tyler 1998, pet. denied).

The charge directed the jury to assess Reece's damages for the combined elements of "[p]hysical pain and mental anguish in the past" and of "[p]hysical pain and mental anguish in reasonable probability she will suffer in the future." The jury awarded $25,000 for past physical pain and mental anguish and $10,000 for future pain and anguish. Wal–Mart does not challenge these awards insofar as they award compensation for past and future physical pain.

■ We have set out the standard of review for a factual sufficiency challenge above. When the defendant challenges only part of a multi-element damages award, we determine only whether the aggregate evidence is sufficient to support the award.[4] *See Wal–Mart Stores, Inc. v. Ard,* 991 S.W.2d 518, 520–22 (Tex.App.—Beaumont 1999, pet. denied); *Greater Houston Transp. Co. v. Zrubeck,* 850 S.W.2d 579, 589–90 (Tex.App.—Corpus Christi 1993, writ denied); *see also Thomas v. Oldham,* 895 S.W.2d 352, 359–60 (Tex.1995). Thus, we review the record to determine whether "the aggregate evidence is sufficient to support the jury's award of damages" for past and future pain and suffering. *Ard,* 991 S.W.2d at 523.

In addition to the evidence recited above in support of submission of these issues to the jury, the record reflects that Reece awoke the morning after her fall with severe pain and swelling. After repeated examinations and physical therapy, she ultimately required surgery for her injuries. She frequently must treat her symptoms with non-prescription pain relievers, heating pads, ointments, and rest. As Reece stated at the conclusion of her direct testimony, her knee hurts "[v]ery near all the time. If I do much stirring around, it really hurts." We conclude that this testimony constitutes factually sufficient evidence to support an award of damages for past and future pain and mental anguish. *See Weidner,* 14 S.W.3d at 367–68; *Wagnon,* 979 S.W.2d at 353–54.

■ Wal–Mart also contends that the jury's award is excessive. An allegation that damages are excessive invokes the same standard of review as any factual sufficiency challenge. *See Maritime Overseas,* 971 S.W.2d at 406. Again, Wal–Mart's challenge must be limited to the "aggregate evidence" pertinent to the elements of past and future pain and mental anguish. *Ard,* 991 S.W.2d at 523. Given the evidence recited above, we cannot say that the amount of the jury's award for these elements of damages is so contrary to the overwhelming weight of the evidence as to be manifestly unjust. *See Olin Corp. v. Smith,* 990 S.W.2d 789, 798 (Tex. App.—Austin 1999, pet. denied); *see also Weidner,* 14 S.W.3d at 367–68; *Wagnon,* 979 S.W.2d at 353–54.

Accordingly, we overrule Wal–Mart's second issue.

## CONDUCT OF COUNSEL

Wal–Mart claims in its third issue that it is entitled to a new trial because of sidebar remarks made by Reece's counsel which were directed toward Wal–Mart's counsel. The remarks at issue are as follows:

> Kevin Knight: Okay. You don't know what happened in that regard—let me ask you this: Is it customary that the managers tell people, go to the doctor and we'll pay for at least the emergency room visit?
>
> Alan Magenheim: Same objection. It's irrelevant to the issues to be decided by the jury.

991 S.W.2d at 522–23 (declining to address Wal–Mart's "no-evidence" challenge to the damages award with respect to "the single element of loss of earning capacity" but then concluding that the record contained some evidence to support submission of lost earning capacity in the charge). In some instances, courts have summarily overruled challenges to damages awards which did not contest each element of the damages finding. *See, e.g., City of Port Isabel v. Shiba,* 976 S.W.2d 856, 858–59 (Tex.App.—Corpus Christi 1998, pet. denied).

4. The courts have generally applied this principle to both "no-evidence" and factual sufficiency challenges. *See, e.g., Wal–Mart Stores, Inc. v. Ard,* 991 S.W.2d 518, 522 (Tex.App.—Beaumont 1999, pet. denied); *Goodman v. Page,* 984 S.W.2d 299, 304–07 (Tex.App.—Fort Worth 1998, pet. denied); *Greater Houston Transp. Co. v. Zrubeck,* 850 S.W.2d 579, 589–90 (Tex.App.—Corpus Christi 1993, writ denied). Nevertheless, we declined to do so with respect to Wal–Mart's "no-evidence" challenge in this case because of Wal–Mart's additional challenge to the submission of the mental anguish issues in the charge. *Cf. Ard,*

Kevin Knight: Goes to what was told to my client—

Roger Knight, Jr.: And it goes to impeachment and it goes to his credibility and it goes to this report and its accuracy and it goes to about 15 other things, okay?

The Court: Let me see the report.

(Whereupon Mr. Kevin Knight tendered the report to the Court.)

Roger Knight, Jr.: And it's not prejudicial.

Magenheim: Judge, could we have one lawyer at a time, please?

Kevin Knight: We're both on this case.

Roger Knight, Jr.: Two of us are not a match for you, Alan. It takes two of us. Of course, you don't have Judge Hoyt here to take care of you.

Magenheim: Excuse me, Judge. I've got to put something on the record at this point.

Roger Knight, Jr.: Fine.

Magenheim: It's a violation of the motion in limine.

The Court: Go ahead.

Magenheim: Okay, Judge, thank you. Kevin—Mr. Kevin Knight asked that no reference be made—

Kevin Knight: We need to do this outside the presence of the jury.

The Court: What was the question?

Kevin Knight: Do they make representations—or do they tell people they'll pay for a doctor's visit?

The Court: I think you can ask that question.

Magenheim: May I put on the record what I was going to put on the record?

Kevin Knight: Because he's going to put what was in that court case.

The Court: Would ya'll step back, just for a minute ladies and gentlemen of the jury? It won't be long.

(Whereupon the Jury was escorted back to the jury room)

Wal–Mart's complaint on appeal primarily concerns Roger Knight's side-bar remark that Magenheim did not "have Judge Hoyt [t]here to take care of [him]." According to the parties' pretrial motions in limine, the parties previously tried this case before Judge Kenneth M. Hoyt in the United States District Court for the Southern District of Texas, Houston Division. Judge Hoyt apparently granted Wal–Mart's motion for directed verdict, and Reece appealed to the Fifth Circuit. Both parties asked in their motions in limine that no reference be made in the state court trial to the federal litigation.

Outside the jury's presence following the above interchange, Roger Knight made more pointed allegations about Magenheim's relationship to Judge Hoyt. Magenheim again reminded the court of the parties' motions in limine and asserted that the prior federal litigation "shouldn't be referenced." He continued, "I'm just asking that we honor our motions in limine. We both put that in there." The court responded, "Please do. Please do." No further reference to Judge Hoyt or the federal litigation was made after the jury returned. Magenheim did not request an instruction to disregard Roger Knight's prior side-bar remarks, and the court did not instruct the jury *sua sponte* to disregard the remarks.

■ Although it is true that Rule of Civil Procedure 269(f) specifically provides that such inappropriate side-bar remarks must be "rigidly repressed," this does not excuse counsel from complying with the basic rules for preservation of error. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 637 (Tex.1986); *Capellen v. Capellen*, 888 S.W.2d 539, 546 (Tex.App.—El Paso 1994, writ denied); *McInnes v. Yamaha Motor Corp.*, 659 S.W.2d 704, 712–13 (Tex.App.—Corpus Christi 1983), *aff'd*, 673 S.W.2d 185 (Tex.1984); Tex.R.Civ.P. 269(f).

In *Pool*, the Supreme Court held that no error was preserved because the appellant failed to obtain an express ruling on his objection to the side-bar comments at is-

sue. *See Pool,* 715 S.W.2d at 637. Now however, the appellate rules provide that an implied ruling will suffice to preserve error. *See* TEX.R.APP.P. 33.1(a)(2)(A); *Frazier v. Khai Loong Yu,* 987 S.W.2d 607, 610 (Tex.App.—Fort Worth 1999, pet. denied).

■ Magenheim objected to Roger Knight's side-bar remarks concerning Judge Hoyt because they violated the parties' motions in limine. The court responded by asking the parties to abide by these motions. This response is too indefinite to constitute even an implicit ruling on the objection. Accordingly, we conclude that Wal–Mart has failed to preserve any error arising from the comments at issue. *See Pool,* 715 S.W.2d at 637; *Capellen,* 888 S.W.2d at 546; *McInnes,* 659 S.W.2d at 712–13. Thus, we overrule Wal–Mart's third issue.

We affirm the judgment.