**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-41319
Summary Calendar

NETTIE SIPES,

Plaintiff-Appellee,

VERSUS

WAL-MART STORES INC,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(6:99-CV-722)

June 5, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this premises liability case, Defendant-Appellant Wal-Mart Stores, Inc. appeals from the district court's judgment awarding Nettie Sipes damages for injuries related to her fall in a Wal-Mart Supercenter. Wal-Mart contends that the district court erred by

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

denying its motion for judgment as a matter of law because there was insufficient evidence to create a jury question concerning whether Wal-Mart had constructive knowledge of the slippery substance that caused Mrs. Sipes's accident.

I.

Shortly before 5:00 p.m. on August 5, 1998, Plaintiff Nettie Sipes and her husband arrived at the Wal-Mart Supercenter in Mount Pleasant, Texas. As the couple backed their vehicle behind a trailer in the parking lot, they met Arlander ("Lan") Buford, a Wal-Mart employee. Buford assisted Mr. Sipes while Mrs. Sipes shopped for garden supplies. Mrs. Sipes entered the store through the outdoor section of the garden department and immediately walked through the doorway leading to the indoor section. Mrs. Sipes browsed through the garden department for approximately thirty minutes. As she walked through an aisle, she slipped and fell on a cream-colored, oily substance.

When Buford finished helping Mr. Sipes, he returned to the cash register where Mrs. Sipes stood waiting. After Mrs. Sipes informed him of her accident, Buford called the assistant manager and cleaned up the mess. The assistant manager asked Mrs. Sipes to fill out an accident report, which specified 5:30 p.m. as the time of her fall. After an investigation, the assistant manager identified the source of the substance as a bottle of sun tan lotion misplaced on a shelf in another aisle. Mrs. Sipes testified that she was certain that there were no other shoppers in the

2

garden department from the time she entered the indoor section to the time of her accident.

Wal-Mart requires its employees to check for safety hazards in each department every thirty minutes. Lan Buford testified that before meeting the couple outside the store, he conducted a routine safety sweep of the garden department. Buford claimed that he did not notice the spill during his inspection. After finishing the safety sweep, he walked to the department cash register to relieve the another employee. Buford was the only Wal-Mart employee in the garden department when Mrs. Sipes fell. The area of the aisle where Mrs. Sipes fell could not be seen from the cash register.

Mrs. Sipes filed suit against Wal-Mart in the District Court of Titus County, Texas on November 16, 1999. Wal-Mart removed the case to the District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1332. At the close of Mrs. Sipes's case, Wal-Mart moved for judgment as a matter of law, which the judge denied. Wal-Mart did not present any witness on its behalf. The jury apportioned sixty percent of the fault to Wal-Mart and awarded $204,600.30 plus post-judgment interest and costs for the Plaintiff. Wal-Mart renewed its motion for judgment as a matter of law and moved for a new trial, remittitur, or for a modification of the judgment. The district court denied Wal-Mart's motions for post-trial relief, and Wal-Mart appealed.

## II.

We review the denial of a motion for judgment as a matter of

law *de novo*. *See Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). A challenge to the legal sufficiency of the evidence supporting a jury's verdict invokes the standard set forth in *Boeing v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), *overruled on other grounds by, Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc). We recited the appropriate *Boeing* standard in *Gaia Technologies, Inc. v. Recycled Prods. Corp.*, 175. F.3d 365, 374 (5th Cir. 1999):

> Under *Boeing*, we must find a conflict in substantial evidence to create a jury question. Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. Consequently, a mere scintilla of evidence is insufficient to present a question for the jury. Even if the evidence is more than a scintilla, *Boeing* assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a [motion for judgment as a matter of law].

*Id.* (quotations and citations omitted). "We consider all evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." *Threlkeld*, 211 F.3d at 891 (citing *Rhodes v. Guiberson Oil Tools*, 74 F.3d 989, 993 (5th Cir. 1996) (en banc)).

4

In a diversity action such as this, we apply Texas premises liability law to the underlying facts. *See id*. (citing *Powers v. Vista Chem. Co.*, 109 F.3d 1089, 1093 (5th Cir. 1997). A merchant in Texas owes its invitees a duty to exercise reasonable care to protect them from dangerous conditions that are either known to the merchant, or reasonably discoverable. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). A plaintiff must prove the following elements to recover damages in a slip and fall case:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Id.* (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). Wal-Mart's only issue on appeal is whether the evidence is sufficient to support the jury's finding that Wal-Mart had constructive knowledge of the substance that caused the Plaintiff's fall.

In order to impose constructive knowledge of a dangerous condition on a defendant, a plaintiff must demonstrate that the

5

condition continued for "so long that it should have been discovered and removed in the exercise of ordinary care." *Keetch*, 845 S.W.2d at 265. In *Gonzalez*, the Texas Supreme Court held that evidence supporting the mere possibility that a dangerous condition existed for a long period of time is not sufficient to establish constructive knowledge. *See Gonzalez*, 968 S.W.2d at 938. Rather, a plaintiff must establish that it was "*more likely than not* that the [condition] had been there . . . long enough to make [the defendant] responsible for noticing it." *Id*.

Texas courts have recognized two categories of evidence sufficient to establish a merchant's constructive knowledge of a dangerous condition. *See Wal-Mart Stores, Inc. v. Reece*, 32 S.W.3d 339, 343 (Tex. App.--Waco 2000, no pet. h.). The first category includes circumstantial evidence tending to show that a dangerous condition was present for an extended period of time. *See Gonzalez*, 968 S.W.2d at 936-38; *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 165-66 (Tex. App.--Texarkana 1998, no pet.). The second category includes evidence demonstrating that store employees were in sufficient proximity to the condition that the employees should have discovered and removed the danger. *See Reece*, 32 S.W.3d at 343; *H.E.B. Food Stores v. Slaughter*, 484 S.W.2d 794, 797 (Tex. Civ. App.--Corpus Christi 1972, writ dism'd). *Cf. Wal-Mart Stores, Inc. v. Garcia*, 30 S.W.2d 19 (Tex. App.--San Antonio 2000, no pet. h.) (holding that evidence of proximity of

employees to a snack bar combined with testimony that no other customer had eaten the food spilled on the floor for a period of time was sufficient to support a jury finding of constructive knowledge). This case falls into the first category.

The Texas Supreme Court has continually rejected evidence such as footprints, cart tracks, and discoloration of fruit to establish that a dangerous condition on a store's floor was present for a sufficient period of time to impose constructive knowledge on the merchant. *See Gonzalez*, 968 S.W.2d at 936-38; *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983). Unlike footprint or cart track evidence, Mrs. Sipes testified that she was the only person in the garden department from the time she entered the enclosed area at 5:00 p.m. until her fall at 5:30 p.m. She contends that Lan Buford either failed to perform his inspection of the aisles shortly before 5:00 p.m. or performed the search negligently. She argues that since no one else was in the garden department, the liquid on the floor must have been there before Buford's inspection. If the substance was present before the routine scheduled safety inspection, Wal-Mart should have discovered the condition and removed it.

Wal-Mart contends that Mrs. Sipes could not have known how many people were in the garden department. Wal-Mart suggests that the layout of the store prevents a person in one aisle from seeing other aisles. In addition, Wal-Mart claims that Mrs. Sipes did not

7

know how many people walked through the aisles of the garden department when she and her husband met Buford outside the store. Mrs. Sipes did not explain how she knew that there were no other customers in the garden department.

In an appeal from a district court's denial of a motion for judgment as a matter of law, we defer to the jury's determination of credibility by reviewing the witness's testimony in the light most favorable to the non-moving party. *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996) (en banc). However, if self-serving testimony is naturally impossible, we may disregard the testimony in deciding whether the evidence was sufficient to support the jury verdict. *See Ralston Purina Co. v. Hobson*, 554 F.2d 725 (5th Cir. 1977). Although it may have been difficult for Mrs. Sipes to discover that there were no other persons in the garden department, it was not naturally impossible for her to do so. *See Miller v. Butcher Distributors*, 89 F.3d 265, 267 (5th Cir. 1996).

Under Texas law, the evidence must demonstrate that it was more likely than not that the dangerous condition that caused Mrs. Sipes's fall was on the floor long enough for a Wal-Mart employee to discover the condition. *See Gonzalez*, 968 S.W.2d at 936-38. Based on Mrs. Sipse's testimony that she was the only person in the garden department from 5:00 p.m. until 5:30 p.m., a reasonable jury could find that it was more likely than not that the liquid spilled

on the floor had been there long enough for Buford or another employee to discover the substance during a routine safety inspection. We therefore conclude that a reasonable jury could find that Wal-Mart had constructive knowledge of the spill. Accordingly, we affirm the district court's judgment.

AFFIRMED